THE KNICKERBOCKER ICE COMPANY, Appellant, *v.* GEORGE S. SHULTZ et al., Respondents.

In 1859 plaintiff's grantor, then the owner of uplands on the shore of the Hudson river, built a wharf below high-water mark, opposite to its adjacent uplands, and in 1873 the commissioners of the land office granted him the lands under water, in front of the uplands, all of which he subsequently conveyed to plaintiff. In 1877 the said commissioners made a grant "for beneficial enjoyment" to the defendants, who owned the uplands adjoining the plaintiff's on the south, of the lands under water opposite their uplands. Since 1859 plaintiff, or its grantor, had been in the habit of cutting ice in a cove south of said wharf, and by means of a canal, usually cut in the ice over the lands under water covered by the grant to defendants, had transported the ice to said wharf. In 1883 defendants commenced the construction of a dike wholly upon the lands so granted to them, which will prevent plaintiff from towing ice over the same as before. In an action brought to restrain the construction of this dike, *held*, that, under the statute (chap. 47, Laws 1786, as amended), the plaintiff could acquire no more than the lands under water in front of its uplands, the lateral limits of

which were perpendicular to the shore; that as the easement claimed on defendants' lands could not be acquired by express grant it could not be acquired by prescription; and that, even assuming defendants' dike constituted a purpresture or a nuisance, plaintiff could not maintain an action for its abatement.

*It seems* these questions can only be determined in an action at the suit of the People.

Reported below, 41 Hun, 458.

(Argued October 11, 1889; decided October 29, 1889.)

APPEAL from a judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made at the September Term, 1886, which reversed a judgment in favor of plaintiff, and dismissed the complaint in the action on the merits.

This action was brought to restrain defendants from erecting a pier or dike in front of their uplands on the bank of the Hudson river.

The plaintiff and defendants are adjoining owners of uplands on the west shore of the Hudson river. The plaintiff's grantor, in 1859, built a wharf below high-water mark and opposite to its adjacent uplands. Upon this wharf was erected an ice-house which was filled by an elevator situate at the extreme southern end of the wharf. The house was filled with ice taken from the cove or bay to the south. In 1873 the commissioners of the land office granted the lands under water in front of the uplands to plaintiff's grantor. Subsequently this plaintiff purchased the uplands, together with the land under water in front of the uplands covered by the grant referred to. The defendants are brick-makers, owning and occupying lands adjoining the plaintiff on the south. In 1877, four years after the grant to the plaintiff, the commissioners of the land office made a grant to the defendants of the lands under water opposite their premises. Upon the wharves and uplands owned and occupied by the defendants there were annually manufactured between six and seven millions of brick. In order to reach the market it was necessary to transport the brick over the flats or shoal waters to the channel of the river. All the coal, wood and a portion

of the sand used in this business also had to be brought by vessel over the flats to defendants' yards. The depth of water on these flats is about five feet, and not sufficient, ordinarily, for the uses and purposes of the defendants, whose vessels drew, on the average, about nine feet of water. In 1883 the defendants commenced the construction of a pier or dyke for the purpose of forming a channel which should enable the vessels to get in and out. It was partly constructed and dredged along the side by means of which a depth of nine feet of water was obtained. Without the pier or dike a channel across these flats could not be maintained because it would soon become filled up by the action of the tide and wash that comes from the land over the wharves. This pier or dike was constructed wholly upon the lands covered by the grant to them. It was not included in the grant under which the plaintiff claims. The plaintiff or its grantor, from the time of the construction of the ice-house in 1859, had been accustomed to cut ice in the cove or river wherever it could be found of sufficient clearness and thickness, and then, by means of a canal cut in the ice across these flats, it was towed to the elevator. This canal was usually cut over the lands under water now covered by the grant to the defendants, and the construction of said dike will of necessity prevent the plaintiff from towing ice over the same course as before.

*James B. Olney* for appellant. The grant to the defendant neither expressly nor by implication conveys the privilege to put up such an obstruction in the Hudson, a tidal stream. (*People* v. *Vanderbilt*, 26 N. Y. 287; 28 id. 396; Wood on Nuisances, 639, 653; Laws 1850, chap. 265; Laws 1835, chap. 232; 1 R. S. 208, § 97; *Gould* v. *H. R. R. Co.*, 6 N. Y. 522, 540; *Mayor* v. *Hart*, 95 id. 444; *Langdon* v. *Mayor*, 93 id. 143, 149, 156; *Smith* v. *Rochester*, 92 id. 483; *People* v. *S. I. Ferry Co.*, 68 id. 71, 79; *Harper* v. *Williams*, 111 id. 260; *Bigelow* v. *N. Y. F. D. Co.*, 112 id. 274; *Post* v. *Kreischer*, 103 id. 110; 2 Bl. Com. 317; Anderson's Dic. of Law; 1 Swift's Dig. 109; *Frinck* v. *Lawrence*, 2 Conn. 117;

3 Wash. Real Prop. 182, 353, 378 ; 124 U. S. 262; 6 Peters, 727 ; *Lansing* v. *Smith*, 4 Wend. 9–21 ; *People* v. *Tibbits*, 19 N. Y. 523 ; *Farmer* v. *Mayer*, 10 id. 567 ; *D. & H. C. Co.* v. *Lawrence*, 2 Hun, 163 ; 68 N. Y. 79 ; Gould on Waters, chap. 2.) If the plaintiff by this structure has sustained some damage not suffered by the rest of the community, it can maintain this action to abate it. (*Fort Plain* v. *Smith*, 30 N. Y. 44; *Roe* v. *Strong*, 107 id. 350–360; *Atlee* v. *Packet Co.*, 21 Wall. 389 ; *Cogswell* v. *N. Y. C. & H. R. R. R. Co.*, 103 N. Y. 10 ; 7 East. Rep. 421 ; *Lansing* v. *Smith*, 8 Cow. 153, 159 ; *Williams' Case*, 5 Coke, 72 ; *Pierce* v. *Dart*, 7 id. 609 ; *People* v. *Albany*, 11 Wend. 543 ; Wood on Nuisances, chap. 18, 668 ; *Frinck* v. *Lawrence*, 2 Conn. 117 ; *Bigelow* v. *Bridge Co.*, 14 id. 565 ; *O'Brien* v. *Norwich*, 17 id. 372 ; *Seeley* v. *Bishop*, 19 id. 135 ; *Clark* v. *Saybrook*, 21 id. 319 ; *Gilbert* v. *Mickle*, 4 Sand. Ch. 319 ; *Lexington* v. *Applegate*, 8 Dana, 299.) The defendants acquired, by their grant, no right to interfere with the uses to which the plaintiff had applied the lands. (*Post* v. *Kreischer*, 103 N. Y. 110 ; *Colvin* v. *Barnet*, 2 Hill, 620 ; *Langdon* v. *Mayor*, 93 N. Y. 129, 148 ; *Mayer* v. *Hart*, 95 id. 443 ; *Williams* v. *Mayer*, 105 id. 420 ; *Bedlow* v. *Floating Dock*, 112 id. 280 ; *Kingsland* v. *Mayer*, 110 id. 567 ; *King* v. *Russell*, 13 E. C. L. 254 ; 4 B. & C. 566 ; *King* v. *Ward*, 31 E. C. L. 92 ; *King* v. *Tindall*, 33 id. 26 ; *Regina* v. *Randall*, 41 id. 272 ; *Frinck* v. *Lawrence*, 20 Conn. 117.) The right to gather the ice became an easement which passed to the plaintiff as appurtenant to the premises. (*K. I. Co.* v. *Forty-second Street*, 65 How. 310 ; Gould on Waters, § 329 ; 1 Swift's Dig. 109 ; *Roberts* v. *Baumgarten*, 110 N. Y. 380 ; Laws 1879, chap. 388.) Plaintiffs' rights could not be interfered with by any person under state authority without compensation. (Wood on Nuis. 626.)

*E. S. Wood* for respondent. Lands between high and low-water mark and lands under the waters of the Hudson river

are the property of the People of the state of New York. (3 Greenleaf's Laws, 13 [Dec. 1792]; *Palmer* v. *Mulligan,* 3 Caines, 308; Const. art. 1, § 11; 3 R. S. [7th ed.] 2162; *Smith* v. *City of Rochester,* 92 N. Y. 482; *People* v. *S. I. F. Co.,* 68 id. 71; *People* v. *Tibbits,* 17 Wend. 590; *People* v. *Canal Appraisers,* 33 N. Y. 467.) The title to such lands being in the state, it has an inherent right to dispose of such title to the lands under water within its jurisdiction, and that even to the exclusion of the riparian owner. (*Lansing* v. *Smith,* 4 Wend. 921; *Gould* v. *H. R. R. R. Co.,* 6 N. Y. 522; *People* v. *Tibbits,* 19 id. 523; *Furman* v. *Mayor,* 10 id. 567; Gerard's Titles to Real Estate, 714, 715.) The state vested the power and authority to dispose of the same in a body known as the "Commissioners of the Land Office." (Laws of 1786, chap. 47, § 18; Laws of 1813, chap. 74, § 4; Laws of 1815, chap. 149, § 1; Laws of 1850, chap. 283; §§ 1, 2; Dongan Charter, §§ 3, 14; Montgomerie Charter, § 37; *Powers* v. *Shepard,* 48 N. Y. 540; *People* v. *Canal Appraisers,* 33 id. 466.) This grant conforms in every respect to the law and the rules and regulations of the commissioners of the land office. It grants no more of lands under water than lies "adjacent" to the grantee's uplands. (Gerard's Titles to Real Estate, 731; *People* v. *Schemerhorn,* 19 Barb. 540.) The appellant has acquired no rights in or to the waters and lands thereunder covered by respondent's grant. (Code Civ. Pro. §§ 362, 363; *People* v. *Arnold,* 4 N. Y. 508; *People* v. *Clarke,* 9 id. 349; *La Frombois* v. *Jackson,* 8 Cow. 589; 3 Kent's Com. 442; Gerard's Titles to Real Estate, 653; *Miller* v. *Garlock,* 8 Barb. 153; *Burbank* v. *Fay,* 2 Lans. 397; 65 N. Y. 57, 65, 66; Wash. on Eas. 86, 87; *Calvin* v. *Burnett,* 17 Wend. 564; Laws 1879, chap. 388; *Thomas* v. *Marshfield,* 13 Pick. 240; *First Parish in Gloucester* v. *Beach,* 2 id. 60.) The appellant, having acquired no rights in these lands under water, has sustained no damage by reason of the respondent's construction of this pier and dike. The damage is *damnum absque injuria.* (1 Bouvier's L. D. 423.) The respondents had the legal right under their grant to con-

struct this pier and dike. (*People* v. *N. Y. & S. I. F. Co.*, 68 N. Y. 78, 79; *D. & H. C. Co.* v. *Lawrence*, 2 Hun, 170; 56 N. Y. 612; *Dutton* v. *Strong*, 1 Black. 32, 33.) This pier and dike is not a purpresture and is not a nuisance. (Coke's Littleton, 276, 277; *People* v. *Vanderbilt*, 26 N. Y. 293; 28 id. 396; *D. & H. C. Co.* v. *Lawrence*, 2 Hun, 168; 56 N. Y. 612; *Wheeling Bridge*, 13 How. [U. S.] 591; *Hazard* v. *H. R. R. Co.*, 27 How. Pr. 300.) The question whether the structure be a purpresture or a nuisance could only be tested by an action at the suit of the People. (Eden on Inj. § 9, 259; *Attorney-General* v. *Richards*, 2 Anst. 603; *People* v. *Vanderbilt*, 26 N. Y. 293; 28 id. 396; *People* v. *S. I. F. Co.*, 68 id. 71.) The appellant cannot maintain a judgment of perpetual injunction in this case. (*A. & C. P. Co.* v. *Douglass*, 9 N. Y. 444; *Gause* v. *Perkins*, Jones' [N. C.] Eq. 177; *Jerome* v. *Ross*, 7 Johns. Ch. 315; Wood's Law of Nuisances, 633, 798, 833, 897; *D. & H. C. Co.* v. *Lawrence*, 21 Hun, 163; *Quin* v. *More*, 15 N. Y. 432.)

PARKER, J. The state has succeeded to all the rights of both crown and parliament in the navigable waters and the soil under them. (*Langdon* v. *Mayor, etc., of New York*, 93 N. Y. 129.) Through the medium of the legislature, the state may exercise all the powers which previous to the Revolution could have been exercised either by the king alone or by him in conjunction with his parliament, subject only to those restrictions which have been imposed by the Constitution of this state or of the United States. (*People* v. *N. Y. & Staten I. Ferry Co.*, 68 N. Y. 71.)

The right to navigate the public waters and to fish therein are public rights belonging to the People at large. In that respect every individual has the same right. The riparian proprietor cannot interfere with such user by the public. Should he attempt to appropriate to his own use the lands under water in front of his premises, and to that end should build thereon, it would constitute a purpresture which the state could remove. (*People* v. *Vanderbilt*, 26 N. Y. 293; *People* v. *N. Y. & S. I. F. Co.*, *supra*.)

The state, then, having full power and control of the lands under water between high and low-water mark, by the several enactments of its legislature vested the authority to dispose of the same in a body known as the "Commissioners of the Land Office." (Charter 47, Laws of 1786, and the several acts amendatory thereof and supplementary thereto.) Among other limitations in the grant of power in such respect to the commissioners of the land office is the following : "Provided always, that no such grant shall be made, in pursuance of this act, to any person whatever other than *the proprietor or proprietors of the adjacent lands.*" The plaintiff in 1873 obtained from the commissioners of the land office a grant of the land under water in front of its upland, the lateral limits of which were perpendicular to the shore. They could acquire no more. (*People* v. *Schermerhorn*, 19 Barb. 540.)

However, in the use which it made of the property under its grant, the plaintiff was accustomed, during a period of about four weeks in the year, to tow ice cakes over the lands under water in front of the uplands belonging to the defendants. Subsequently, and in the year 1877, defendants obtained a grant from the commissioners of the land office, which grant recited, among other things, that the grant was to the defendants "for the purpose of beneficial enjoyment of the same by the adjacent owner." Thereafter, in the year 1883, the defendants, within the lines of their grant, commenced the erection of a dike which the plaintiff alleges will interfere with the use to which it has devoted its land because it will prevent the towing of ice cakes to that portion of its wharves where its elevator is now situated. Now, it will be observed that the plaintiff's grant does not include the *locus in quo.* If it did, it would be void because made to one other than the proprietor of the adjacent uplands. It has not acquired a right by prescription, for where no express grant can be allowed the law will not resort to the fiction of an implied grant for the purpose of creating a prescriptive right. (*Burbank* v. *Fay*, 65 N.Y. 57.)

It follows, then, that the appellant has not acquired any legal right or interest in or to these lands under water, or the waters

covered by the respondent's grant, either by grant or prescription, and, therefore, it is not in a position to question the character of the structure which the defendants constructed upon the lands covered by the grant to them.

It is unnecessary to consider the question as to whether the dike which the defendants have erected is permissible under the grant which they hold. For, assuming that it could be determined that it constituted either a purpresture or a nuisance, the plaintiff could not maintain an action for its abatement. A purpresture is an invasion of the right of property in the soil while the same remains in the People. A nuisance in such a case as this must be an injury to the common right of the public to navigate the waters. (*People* v. *Vanderbilt,* 26 N. Y. 293.) And these questions can only be tested in an action at the suit of the People. (Eden on Inj. § 9, p. 259; *Lansing* v. *Smith,* 8 Cow. 151; *People* v. *Vanderbilt, supra; People* v. *N. Y. & S. I. F. Co., supra.*)

The judgment should be affirmed.

All concur.

Judgment affirmed.