THOMAS NOLAN, Respondent, v. THE ROCKAWAY PARK IMPROVEMENT COMPANY, Limited, Appellant.

*Owner of land bordering on the ocean — right to land between high and low-water mark — action by a trespasser, for damages resulting from an assault and battery.*

At common law the owner of land bordering on the ocean has a legal right to possess and occupy the land between high and low-water mark, subject, however, to the right of the State and of the United States to take the land for its own use, or to authorize it to be taken by a corporation for public use, and, also, subject to the right of the public to use it in aid of navigation.

He may occupy to low-water mark for the purpose of gathering seaweed or building wharves, or for any private purpose not inconsistent with the rights of the public, and such legal right is a sufficient title to enable him to maintain

ejectment against an intruder upon lands between high and low-water mark, when the lands above and below are embraced in the same action and are recovered in the same judgment.

A judgment was rendered in favor of the plaintiff in an action brought to recover the damages resulting from an assault and battery, where the answer was *molliter manus imposuit*, that the defendant was the owner of a beach whereon the plaintiff was trespassing, and that its employees used no more force than was necessary to prevent the plaintiff from continuing his trespass.

It was sought to maintain the judgment on the theory that the plaintiff entered on the beach for the purpose of serving a summons and complaint on one of the defendant's employees.

*Held,* that this afforded no justification for his so doing, as the plaintiff's right to enter on the premises was not placed on that ground by the court, and at the time of entering the plaintiff did not assert his right to enter for that purpose, but insisted that, as one of the public, he had an absolute legal right to enter at his own will and pleasure, and although he had abundant opportunity to serve a summons and complaint he made no attempt to do so.

Appeal by the defendant, The Rockaway Park Improvement Company, Limited, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of June, 1893, upon the verdict of a jury for $500, after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 28th day of June, 1893, denying the defendant's motion to set aside the verdict, and for a new trial made upon the minutes.

*William J. Kelly,* for the appellant.

*Stephen C. Baldwin,* for the respondent.

Follett, J. :

This action was brought to recover damages for an assault and battery committed by two employees of the defendant. The answer is *molliter manus imposuit* — that defendant was the owner of a beach whereon the plaintiff was trespassing, and that its employees used no more force than was necessary to prevent him from continuing his trespass.

Since August 5, 1889, the defendant has been the owner in fee and in possession of twenty-one acres of upland at Rockaway Beach in the town of Hempstead, which is 4,331 feet wide east and west, and is bounded on the south by the Atlantic ocean. April 26, 1890, the State of New York, by its letters patent, granted to the defendant about 100 acres of land bounded on the north by the south line

of the piece of land first mentioned, and extending south below low-water mark and into the Atlantic ocean.

It appears by undisputed evidence that the defendant used the upland as a place of recreation, and the beach as a bathing place for its guests.

On the 25th of July, 1891, the plaintiff entered upon the beach and was walking between high-water and low-water mark, when he was ordered away by the defendant's employees, and on refusing to go, he was ejected by them.

The court in submitting the question of the plaintiff's right to enter on the beach charged that, " In his (plaintiff's) entry upon the beach between high and low-water mark (he) was merely enjoying and proposing to pursue his strict legal right. He had a right of passage along the beach between high and low-water mark, and neither this defendant nor the defendant's servants had any legal right to interrupt, obstruct or turn him therefrom." To this instruction the defendant excepted and asked the court to charge the converse, which request was refused and an exception taken. In giving this instruction and in refusing the one asked by the defendant the court erred.

At common law the owner of land bordering on the ocean has a legal right to possess and occupy the land between high and low-water mark, subject, however, to the right of the State and of the United States to take the land for its own use or to authorize it to be taken by a corporation for public use, and also subject to the right of the public to use it in aid of navigation. The adjoining owner may occupy to low-water mark for the purpose of gathering seaweed or building wharves or for any private purpose not inconsistent with the rights of the public. (*People* v. *Tibbetts*, 19 N. Y. 523 ; *East Haven* v. *Hemingway*, 7 Conn. 186–203 ; *Blundell* v. *Catterall*, 5 B. & Ald. 268.)

This legal right of the adjoining owner is a sufficient title to enable him to maintain ejectment against an intruder upon lands between high and low-water mark, when the lands above and below are embraced in the same action and are recovered in the same judgment. (*Nichols* v. *Lewis*, 15 Conn. 137 ; *Jackson* v. *Buel*, 9 Johns. 298 ; *Jackson* v. *May*, 16 id. 184 ; *People* v. *Mauran*, 5 Den. 389 ; *Brown* v. *Galley*, Hill & Denio, 308.)

In addition to the common-law right of the defendant in this beach it had an absolute grant from the State of the land below high-water mark and extending some distance into the ocean, subject only to the following limitation : " Excepting and reserving to all and every the said people the full and free right, liberty and privilege of entering upon and using all and every part of the above-described premises, in as ample a manner as they might have done had this power and authority not been given, until the same shall have been actually appropriated and applied to the purposes of commerce, by erecting a dock or docks thereon, or for the beneficial enjoyment of the same by the adjacent owner."

It appears that the defendant had erected a pier and dock on the land granted to it by the State, and used the beach as a bathing place in connection with its upland, thus applying the land granted by the State to the " beneficial enjoyment of the adjacent owner," and the position that grantees who are in possession of and using the subject of the grant have not the right to exclude persons entering thereon for their own pleasure, or to gratify their curiosity, cannot be maintained. Such a rule would be destructive of many valuable rights acquired in the navigable waters adjacent to the maritime cities of this State. It is sought to maintain this judgment on the theory that the plaintiff entered on the beach for the purpose of serving a summons and complaint on one of the defendant's employees. It is a sufficient answer to this position that the plaintiff's right to enter on the premises was not placed on that ground by the court, and, besides, the plaintiff, at the time of entering, did not assert his right to enter for that purpose, but insisted that, as one of the public, he had the absolute legal right to enter at his own will and pleasure, and, further, though the plaintiff had abundant opportunity to serve a summons and complaint, he made no attempt to do so.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.