voluntary act of the said Julia A. Chapman" is a conclusion based upon insufficient allegations of fact. The conclusion must fall with the failure to allege the facts. Hearst v. McClellan, 102 App. Div. 336, 92 N. Y. Supp. 484; N. Y. & M. V. Trans. Co. v. Tyroler, supra.

The plaintiff's demurrer did not admit the truth of the conclusions alleged in the separate defense; for the demurrer admits the "truth of all the facts stated and necessary inferences resulting, but it does not admit the truth of any conclusions either of law or of fact." Frank v. Mandel, 76 App. Div. 413, 78 N. Y. Supp. 855.

The interlocutory judgment must be affirmed, with costs. All concur.

GAYNOR, J. (concurring). The trouble with the so-called defence is that it is a mere jumble of words, instead of a precise allegation of facts not embraced in the issue raised by the denials of the answer, and which, taking the complaint to be true, would nevertheless defeat the action, which is the test of the sufficiency of matter pleaded as a defence. If it does not bear this test it is not a defence but mere verbiage. Whether the consideration alleged in the complaint for the agreement therein alleged is "adequate" is a question of law, or, this being a suit in equity, may be of equitable consideration in connection with other matters on the question of the specific performance prayed for by the plaintiff. The deceased had the right to make the agreement for any consideration, however small. The failure to allege the false representations and practices makes the allegation·on that head worthless. The same is true of the general allegation that the deceased executed the agreement under the influence of pain and anguish induced by "various threatening and unlawful actions and misrepresentations of the plaintiff." "Various" will not do; they must be particularly alleged. There is no prayer that the contract be declared void, although if it stand it must be carried out. It is therefore quite impossible to understand what object the learned pleader had in his head.

---

BARNES et al. v. MIDLAND R. TERMINAL CO.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

1. NAVIGABLE WATERS—RIPARIAN RIGHTS.

While an owner of the upland may exclude the public from the use of dry land between high and low water mark, since the shore below high-water mark, whether the title thereof is in the public or in the riparian owner, is not a highway for public travel, an owner of upland cannot maintain a suit to enjoin the construction of a pier on adjoining land between high and low water mark, on the ground that it interferes with the convenience of persons in passing over the land.

2. SAME.

A grant from the state to a riparian owner of the land in front of his upland, which stipulates that he shall not obstruct the passage of the public in crossing or recrossing the land between high and low water mark,

does not preserve to the public a right to use the land between high and low water mark as a highway, for the state, as a trustee for the public, cannot, without compensation to riparian owners, construct a highway over the land between high and low water mark.

3. SAME—OBSTRUCTIONS.

A pier extending from high-water mark, which does not interfere with navigation or with the use by the public of the waters, is not a nuisance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Navigable Waters, §§ 256–265.]

4. HIGHWAYS—ENCROACHMENT—LIABILITY—REMEDIES OF PERSON INJURED.

One constructing buildings in a public highway, thereby preventing its use by the public at the places of the encroachment, and thereby causing special damage to another in the loss of patronage at his resort, is liable for the special damages, and may also be enjoined from maintaining the buildings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Highways, §§ 430, 431.]

5. NUISANCE—REMEDY—DAMAGES—INJUNCTION.

One causing and permitting sewage to flow into a ditch forming the boundary of another's land, causing damage thereto, is liable for the damages, and may be enjoined from permitting the sewage to flow into the ditch.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Nuisance, § 25.]

Appeal from Judgment on Report of Referee.

Action by Sarah H. Barnes and others against the Midland Railroad Terminal Company. Interlocutory judgment for plaintiffs, and plaintiffs and defendant both appeal from different parts thereof. Affirmed.

This action is brought to perpetually enjoin the defendant, first, from maintaining certain of its buildings and structures in a public highway called the Sea Side Boulevard, and from erecting structures therein in any manner interfering with the passage of the plaintiffs and the public generally along said highway; second, from maintaining its pier in such manner as to interfere with or obstruct the convenience of persons in passing over the land thereunder lying between high and low water mark; third, from using any sand pump, and from pumping sand in any way in violation of the statutes or the plaintiffs' rights; fourth, from pumping or dumping sand upon a highway known as Red Lane; fifth, from causing water to flow upon the beach abutting its land between high and low water mark; sixth, from doing anything which shall prevent, obstruct, or interfere with the convenience of persons desiring to use the land between high and low water mark as a means of passage to and from plaintiffs' premises; seventh, from casting or permitting to flow sewage upon plaintiffs' premises; and, eighth, for an accounting to ascertain plaintiffs' damages sustained through defendant's wrongful and unlawful acts.

The facts found by the learned referee are abundantly sustained by the evidence. Upon them he found as conclusions of law:

"First. That the acts of the defendant in building and maintaining its pier, and in the construction of a shed on the platform adjoining the bulkhead at Red Lane, and in building the trestles to its sand bin at the foot of Red Lane and in its operation of the same, although by such acts the public were and are prevented from having free passage to Woodland Beach over the platform and over the beach between high and low water mark, and although its pier is built and maintained in violation of the conditions in the grant to it from the state of the lands under water, are not such as entitle the plaintiffs or either of them to relief; there being no right in the public to pass over the beach between high or low water mark, and the state alone having the right to enforce the conditions on which the grant was made.

"Second. That the plaintiffs are entitled to judgment granting the following relief: Perpetually enjoining and restraining the defendant (1) from main-

taining any building, sluiceway, or structures of any kind within the limits of said boulevard, unless it provides an equivalent, by constructing a road seventy feet wide, in good condition for public travel, between the terminal station of the trolley railroad and Red Lane at the point where the latter crosses the boulevard, and dedicating the same to public use; (2) from causing or permitting any sewage to flow into the ditch forming the southeasterly boundary of plaintiffs' salt meadow land.

"Third. That the plaintiffs, or either of them, recover such damages as they or either of them may be found upon an accounting thereof to have sustained by reason of the acts of the defendant against which relief is hereby granted, and that it be referred to a referee to ascertain and report to the court the amount of any damage so sustained by the plaintiffs or either of them."

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

John Brooks Leavitt (Stuart G. Gibboney, on the brief), for plaintiffs.

William J. Martin (Lawrence W. Widdecombe, on the brief), for defendant.

RICH, J. The plaintiffs appeal from so much of the interlocutory judgment entered on the report of the referee as adjudges that they are not entitled to an injunction against acts of the defendant preventing the passage of the public over that portion of its beach lying between high and low water mark, and the defendant appeals from so much of said judgment as grants to the plaintiffs any relief, and appoints a referee to ascertain and report the damages sustained by the plaintiffs or either of them.

The question here presented by plaintiffs' appeal is that of the right of the general public to use the land between high and low water mark on the shores of lower New York Bay as a highway, and is not at all analogous to the rights of the owners of the upland to use such portion of the beach for the purpose of gaining access to the waters opposite their land or to such portion of said waters as is navigable by means of a pier or dock, which is the subject of decision in many of the cases to which our attention is directed. The common law of England upon this subject was clearly defined as late as 1904 in Brinckman v. Matley, 2 Ch. Div. 313, 1904, affirmed on appeal, as follows:

"By the common law all the king's subjects have in general a right of passage over the sea with vessels for the purposes of navigation, and have prima facie a common right of fishery there, and they have the same rights over that portion of the sea which lies over the foreshore at the times when the foreshore is covered with water. But, when the sea recedes and the foreshore becomes dry, there is not, as I understand the law, any general common-law right in the public to pass over the foreshore."

The legal right of the owner of the upland to exclude the public from the use of the dry land lying between high and low water mark has been maintained by our courts in Nolan v. Rockaway Park Imp. Co., 76 Hun, 458, 28 N. Y. Supp. 102; Town of Brookhaven v. Smith, 188 N. Y. 74, 80 N. E. 665, 9 L. R. A. (N. S.) 326; Rumsey v. N. Y. & N. E. R. R. Co., 133 N. Y. 79, 30 N. E. 654, 15 L. R. A. 618, 28 Am. St. Rep. 600; Matter of the City of New

York, 168 N. Y. 134, 61 N. E. 158, 56 L. R. A. 500; Wetmore v.
Atlantic White Lead Co., 37 Barb. 70; Whittaker v. Burhans,
62 Barb. 237; Ledyard v. Ten Eyck, 36 Barb. 102; Sisson v. Cum-
mings, 35 Hun, 22. Although the last cited case was reversed
(106 N. Y. 56, 12 N. E. 345), it was upon a preliminary question,
and the principle therein decided as applicable to the case at bar
was not disturbed. It is said in Farnham on Waters, p. 656:

"The shore of the sea below high-water mark, whether the title is in the
public or in the riparian owner, is not a highway for public travel upon foot
or with vehicles."

The defendant is a riparian owner, in which the title to the land
occupied by its pier in front of its upland and under water is vest-
ed by letters patent from the people of the state of New York.
But it is contended that, because of the condition contained in
said letters patent—that it should not obstruct the passage of the
public in crossing or recrossing the land between high and low
water mark—this action to preserve to the general public the right
to use the land lying between high and low water mark as a high-
way for travel along the shores of the bay is maintainable. While
this view may seem to be warranted by the broad language of
the grant, we do not think that it was intended to reserve to the
public a right it did not possess, and was not, as against the de-
fendant, entitled to. If the construction contended for should pre-
vail, the state, as trustee for the public, would have the right, with-
out compensation to the riparian owners, to construct a highway
upon and over the land upon the beach lying between high and
low water mark, which the Court of Appeals in Matter of the City
of New York, supra, expressly held could not be done.

It is unnecessary, however, to give further consideration to
this question, as the action is not brought by the people to pre-
serve and enforce their rights in the beach, but by adjoining ri-
parian owners to prevent the defendant from obstructing the ac-
cess of persons from the defendant's place of amusement to that
of the plaintiffs, and for damages. It is well settled that such an
action may be maintained by the state alone. Knickerbocker Ice
Co. v. Shultz, 116 N. Y. 382, 388, 22 N. E. 564; Archibald v. N.
Y. C. & H. R. R. Co., 157 N. Y. 574, 52 N. E. 567; White v.
Nassau Trust Co., 168 N. Y. 149, 61 N. E. 169, 64 L. R. A. 275;
Saunders v. N. Y. C. & H. R. R. Co., 144 N. Y. 75, 38 N. E.
992, 26 L. R. A. 378, 43 Am. St. Rep. 729; N. Y. C. & H. R. R. R.
Co. v. Aldridge, 135 N. Y. 83, 32 N. E. 50, 17 L. R. A. 516; City
of Brooklyn v. Mackay, 13 App. Div. 105, 42 N. Y. Supp. 1063.
It is not shown that the defendant's pier in any manner inter-
feres with navigation or with the use by the public, for any author-
ized purpose, of the waters of the bay so that it is not a nuisance.
Delaware & Hudson Canal Co. v. Lawrence, 2 Hun, 163, affirmed
56 N. Y. 612; Jenks v. Miller, 14 App. Div. 480, 43 N. Y. Supp.
927; Ft. Plain Bridge Co. v. Smith, 30 N. Y. 44; People ex rel.
Howell v. Jessup, 160 N. Y. 249, 54 N. E. 682; Kerr v. West
Shore R. R. Co., 127 N. Y. 269, 27 N. E. 833.

The defendant's contention upon its appeal is without merit. The learned referee has found upon sufficient evidence that it has constructed some of its buildings in a public highway, preventing its use by the public at the places of such encroachment, as the result of which plaintiffs have sustained special damages in the loss of patronage at their summer resort, together with the discharge of sewage upon plaintiffs' premises, which entitle them to the relief granted by the interlocutory judgment.

The exceptions present no reversible error, and the interlocutory judgment must be affirmed, without costs to either party. All concur; HOOKER, J., in result.