. BARNES et al. v. MIDLAND R. TERMINAL CO.

(Supreme Court, Appellate Division, Second Department. November 17, 1911.)

1. APPEAL AND ERROR (§ 1195\*)—LAW OF THE CASE.

   The decision of the Court of Appeals, reversing a judgment of the Appellate Division on a certified question of law, is the law of the case on a subsequent trial.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4661–4665; Dec. Dig. § 1195.\*]

2. APPEAL AND ERROR (§ 1018\*)—FINDINGS OF REFEREE—CONCLUSIVENESS.

   Findings of a referee appointed to hear, try, and determine the issues will not be disturbed on appeal from the judgment entered thereon, where they are supported by evidence, and where the refusal to find as requested by the defeated party is justified by the evidence.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4006, 4007; Dec. Dig. § 1018.\*]

Appeal from Special Term, Richmond County.

Action by Sarah H. Barnes and others against the Midland Railroad Terminal Company. From an interlocutory judgment entered on the report of a referee to hear, try, and determine the issues, defendant appeals. Affirmed.

See, also, 144 App. Div. 795, 129 N. Y. Supp. 680.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

George D. Beattys (L. W. Widdecombe, on the brief), for appellant.

John Brooks Leavitt (Stuart G. Gibboney, on the brief), for respondents.

PER CURIAM. The plaintiffs bring this action for injunctive relief, and for damages alleged to have been sustained through the unlawful acts of the defendants in obstructing travel over lands between high and low water line on Staten Island, at a point near Midland Beach. The action was originally tried before a referee, resulting in cross-appeals from the interlocutory judgment. The Appellate Division sustained the interlocutory judgment in full, but certified a question of law to the Court of Appeals, which reversed the judgment, holding that the public had a right of passage over the land between high and low water mark, subject to the right of the defendant to reach navigable water by means of a pier, and that the record showed such special damage as entitled the plaintiffs to maintain the action. Barnes v. Midland Railroad Terminal Company, 126 App. Div. 435, 110 N. Y. Supp. 545; Id., 193 N. Y. 378, 85 N. E. 1093, 127 Am. St. Rep. 962. The case has now been tried a second time before another referee, resulting in an interlocutory judgment in harmony with the law as established upon the prior appeals, and the defendant appeals from such interlocutory judgment.

[1, 2] The defendant's counsel, in a lengthy brief, discusses the

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

evidence before the learned referee, and reaches the conclusion that the interlocutory judgment ought to have been different; but at no point does he show that there was error in the trial of the action, or that the findings of fact are not supported by evidence, or that the conclusions of law are not such as naturally and logically flow from the facts as found, or that they are not in harmony with the law of the case as established by the former appeals. We have examined the case in the light of all of the suggestions made by counsel, and we fail to find any reason for disturbing the interlocutory judgment. The law has been clearly established in the case, and it would be idle to go into a review of the evidence, where able counsel has been unable to point to a single ruling or error which would justify a reversal. So far as we are able to discover, every fact found by the learned referee is fully supported by the evidence, and every refusal of the learned referee to find as requested by the defendant is justified by the record. There is practically no question which was not involved in the prior appeals, and two referees, men of high character and intelligence, having found substantially the same facts, there is nothing here for this court to review.

The interlocutory judgment appealed from should be affirmed, with costs.

THOMAS, J., not voting.

