In the Matter of the Application of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee, to the Lands, Tenements and Hereditaments Required for the Purpose of Establishing a Public Beach between the Southerly Prolongation of the Easterly Side of Ocean Parkway and the Prolongation of the Westerly Line of West Thirty-seventh Street, etc.

CHARLES L. FELTMAN and Another, Appellants.

Second Department, June 26, 1930.

*Henry A. Uterhart* [*Joseph Gazzam* with him on the brief], for the appellants.

*Patrick S. MacDwyer* [*Arthur J. W. Hilly, Corporation Counsel,* with him on the brief], for the respondent.

CARSWELL, J. The appellants Feltman are concerned with three parcels herein. One damage parcel, 84, concerns upland and structures thereon, the awards for which are not contested. The other two parcels, the awards for which are challenged, are damage parcel 84-A, which concerns the foreshore or tideway to the south of damage parcel 84, and damage parcel 35, which concerns land under water south of damage parcel 84-A, that is, south of the low-water mark as it existed on October 1, 1921.

(1) The Special Term has held that damage parcel 84-A vests in the city of New York as the successor of the town of Gravesend. This is on the theory that the colonial grants to the town of Gravesend, being the Kieft Patent in 1645, the Nicolls Patent in 1668, the Lovelace Patent in 1670, and the Dongan Patent in 1686, carried title to the low-water mark rather than the high-water mark. If this were so, then the grant of the State of New York to the predecessor in title of the appellants Feltman on February 2, 1898, of the foreshore would be a nullity, since on that date the title to the foreshore would still vest in the city of New York as the successor of the town of Gravesend. This holding of the Special Term was error. Excluding grants of land bounded by bays, harbors and inlets, a grant of land lapped by the open sea

carried title at common law to the high-water mark if the grant contained no reference to either the low or the high-water mark, the presumption of the common law being that the grant was to the high-water mark. This doctrine is too long recognized and is too thoroughly established as the law of this State to be questioned or disturbed now. (*Mayor, etc., of City of N. Y.* v. *Hart,* 95 N. Y. 443, 450; *Knickerbocker Ice Co.* v. *Shultz,* 116 id. 382, 387; *Sage* v. *Mayor,* 154 id. 61, 69; *People* v. *Steeplechase Park Co.,* 218 id. 459.) If this statement of the common law were open to re-examination and the basis for it (Hale's De Jure Maris; Moore: History & Law of the Foreshore and Sea Shore [3d ed.], pp. 379, 392) open to challenge, no change would ensue. Whatever may have been the rule in some earlier English cases, the question was set at rest in *Kirby* v. *Gibs* (19 Car. II [2 Keble, 294], decided in 1667). That decision established the common law to be that such grants were presumptively to the high-water mark and that decision was had three years before the Lovelace Patent was made in 1670. That patent is more comprehensive than the earlier colonial patents, so far as they concern the west end of Coney Island, and it purports to confirm and remove doubt as to the validity of the earlier colonial patents. The Lovelace Patent is to be construed in the light of the doctrine of the *Kirby* case, which declared the common law to be as stated by Lord HALE in his treatise De Jure Maris. (Moore: History & Law of the Foreshore and Sea Shore [3d ed.], pp. 379, 392.) The New York cases which are claimed to look to the contrary concern grants of land on or in bays, harbors and inlets (*Town of Southampton* v. *Mecox Bay Oyster Co.,* 116 N. Y. 1; *Grace* v. *Town of North Hempstead,* 220 id. 628; *Somerville* v. *City of New York,* 78 Misc. 208; *Tiffany* v. *Town of Oyster Bay,* 209 N. Y. 1; *Rockaway Park Imp. Co.* v. *City of New York, No. 2,* 140 App. Div. 160, 169; *People ex rel. Howell* v. *Jessup,* 160 N. Y. 249, 261; *Clarke Estate* v. *City of New York,* 165 App. Div. 873, 877) or concern grants where precise and apt language was used to rebut the presumption of the common law where the grant was bounded by navigable water. (*People* v. *N. Y. & S. I. F. Co.,* 68 N. Y. 71; *First Construction Co.* v. *State of New York,* 221 id. 295; *Matter of City of New York* [*Main St.*], 216 id. 67, 73.)

Accordingly, the appellants Feltman are entitled to an award for such title as they possess in the foreshore or tideway, by virtue of the State grant in 1898 to their predecessor in title. The grant, it is to be noted, however, is not in the unqualified form of the Huber grant (*People* v. *Steeplechase Park Co.,* 218 N. Y. 459); it is a limited or qualified grant similar to the Weidmann grant (*People* v. *Steeplechase Park Co., supra,* at p. 469) in that it reserves

certain rights to the public. The matter must, therefore, be remitted to the Special Term to fix the award.

(2) A different situation exists with reference to damage parcel 35. This is the land under water south of damage parcel 84-A; south of the low-water mark on October 1, 1921, at which time title in the upland and foreshore involved herein vested in the city under the resolutions of the board of estimate and apportionment passed pursuant to legislative authority. (Laws of 1918, chap. 506; Laws of 1920, chap. 731; Laws of 1921, chap. 610.) The Special Term held that the title to this damage parcel 35 vested in the city of New York and made a nominal award to the city of New York. It did so, apparently, on the theory that the foreshore vested in the city of New York by reason of the colonial grants to which reference has been made. The decision of the Special Term in this regard may not be sustained on that theory, but the result, in our opinion, so far as damage parcel 35 is concerned, is correct. The claim to compensation advanced by the appellants, for the land under water, constituting damage parcel 35, may not be sustained for the reason that that land, in so far as it once was owned by the appellants Feltman, was lost to them by submergence which took place prior to October 1, 1921. Under the resolutions referred to, title in the foreshore and the upland was vested in the city of New York on that day. Prior thereto, there had been no reclamation by the appellants Feltman, either by natural or artificial means, of the land under water, the ownership of which had been lost to them by reason of submergence. This land had become part of the ocean as the ocean encroached upon it. The proprietorship of the appellants Feltman was lost, subject to a return to that proprietorship by the exclusion of the water, either by natural or artificial means. (*Matter of City of Buffalo*, 206 N. Y. 319, 325, 326, 331.) This latter case limits *Mulry* v. *Norton* (100 N. Y. 424, 433). In the *Mulry Case* (p. 433) it was recognized that proprietorship might be lost in such lands and would not return until the exclusion of the water had been accomplished. This event did not occur before appellants Feltman were divested of title. The fact that the city, subsequent to October 1, 1921, successfully excluded the water by artificial means, did not give rise to a right in the appellants Feltman to claim compensation for such lands, proprietorship of which they had lost and had not regained prior to October 1, 1921. When the city reclaimed this land, it did so in its capacity as the owner of the foreshore and the upland under the resolution of the board of estimate and apportionment heretofore referred to. The statutes under which the city acted also confirmed the city's action in the matter, as well as the city's title

to this land under water. (Laws of 1918, chap. 506; Laws of 1920, chap. 731; Laws of 1921, chap. 610.) The right persisted in the sovereign to make grants of land under water subject to the reclamation of such land by the grantee. (*Knickerbocker Ice Co.* v. *Shultz,* 116 N. Y. 382, 387; *First Construction Co.* v. *State of New York,* 221 id. 295.) The decision in *Appleby* v. *City of New York* (271 U. S. 364) is not to the contrary. Accordingly, the result arrived at by the Special Term with respect to damage parcel 35 was correct.

The decree, in so far as appealed from, should be modified by striking therefrom the nominal award to the city of New York for damage parcel 84-A, and as so modified affirmed, with costs to appellants. The matter is remitted to the Special Term for the sole purpose of making, by a supplementary decree, an award therefor to the appellants Feltman by reason of their title under the qualified grant, in 1898, of the foreshore or tideway by the State of New York to their predecessor in title.

LAZANSKY, P. J., YOUNG and TOMPKINS, JJ., concur; KAPPER, J., dissents upon the ground that the grant of the foreshore by the State is nothing more than a mere naked right, for which a nominal award should suffice.

Decree, in so far as appealed from, modified by striking therefrom the nominal award to the city of New York for damage parcel 84-A, and as so modified affirmed, with costs to appellants. The matter is remitted to the Special Term for the sole purpose of making, by a supplementary decree, an award therefor to the appellants Feltman by reason of their title under the qualified grant, in 1898, of the foreshore or tideway by the State of New York to their predecessor in title.