In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee, to the Lands, Tenements and Hereditaments Required for the Purpose of Establishing a Public Beach between the Southerly Prolongation of the Easterly Side of Ocean Parkway and the Prolongation of the Westerly Line of West Thirty-seventh Street, etc.

THEODORE W. KRAMER and Others, Appellants; THE CITY OF NEW YORK, Respondent.

Second Department, October 17, 1930.

*Alfred J. Talley* [*Charles Lamb* and *Arthur William Barber* with him on the brief], for the appellants Theodore W. Kramer and others.

*James F. Quigley*, for the appellant Joseph Huber, individually and pursuant to a power vested in him by the last will and testament of Emilie Huber, deceased.

*Francis P. O'Connor* [*Edward W. Murphy* with him on the brief], for the appellants Alice Dunne and others.

*Ralph L. Baldwin*, for the appellants Frank E. Lonas and others.

*Patrick S. MacDwyer* [*Arthur J. W. Hilly, Corporation Counsel,* with him on the brief], for the respondent.

PER CURIAM. We held in the *Feltman* case (*Matter of City of New York* [*Public Beach*], 230 App. Div. 299) that the title to the foreshore was not in the city of New York by virtue of the colonial grants to the town of Gravesend. As to those parcels of land under water in the tideway or foreshore, granted by the State to certain appellants in this proceeding or their predecessors in title, such appellants are, therefore, entitled to an award for such title as they respectively possess.

In our opinion, also, the Special Term erred in making an arbitrary and uniform award of fifteen dollars per lineal foot of frontage upon the ocean for the extinguishment of riparian rights, without evidence sustaining such valuation. The value of these rights should have been determined and fixed in the usual and ordinary manner by proof of the value of the several parcels affected before and after taking, and the resulting difference in value, if any.

As to damage parcels 56, 58, 60, 72, 74, 75 and 86, we are of the opinion that the appellants, owners thereof, sustained no consequential damage other than that resulting from the destruction of their riparian rights. These parcels were uplands bounded by the ocean, with riparian rights appurtenant thereto. The statutes governing this improvement provide that the interior line of the

public beach shall correspond as nearly as practicable with the existing high-water line, although they authorize the Commissioners of the Land Office to grant to the city the title of the State to the lands under water up to such high-water line. It was, of course, impossible to construct the board walk precisely upon the meandering high-water line, and it has resulted that strips of land of varying depth, title to which is claimed by the city under the grants from the State, are left intervening between these upland parcels and the northerly line of the public beach. Strictly speaking, these parcels of land do not abut on the inland side of the public beach as laid out by the city, and, therefore, the appellants assert that they do not come within the language of section 3 of chapter 506 of the Laws of 1918 (amended by chapter 731 of the Laws of 1920), as amended by chapter 610 of the Laws of 1921, giving to owners of property " abutting on the inland side " of the public beach " easements of light, air and access over, along and across such public beach or beaches to the ocean," and they have become inland parcels effectually cut off from all littoral advantages. The title to the land in front of these parcels which was formerly land under water has now become vested in the city of New York, free of the appellants' riparian rights. The appellants, owners of these parcels, therefore, claim that they have no access to the board walk, and, unlike abutting proprietors, they are unable to build upon these intervening strips. They, therefore, claim consequential damages.

The city conceded, and the Special Term, in our opinion correctly, construed, these statutory provisions as applicable to all the upland owners, whether the whole of the foreshore was or was not included in the public beach, and held that, as to these strips, the upland owners fronting thereon had easements of light, air and access in and over them to the public beach and to the ocean. The final decree to be made should so provide.

The mere fact that other property owners actually abutting the line of the board walk are more favorably situated gives these appellants no right to consequential damages because of these intervening spaces. They are to be paid for all property rights of which they are deprived. The city has acquired from the State title to the lands under water fronting the appellants' property and has filled them in. Appellants' property is, therefore, no longer on the water front and their riparian rights have been destroyed. For this destruction they are entitled to compensation, but not to any further or separate compensation as consequential damages to their properties.

The decree, in so far as appealed from, should be reversed upon

the law, with costs, and the matter remitted to the Special Term to make proper awards in conformity with this opinion.

LAZANSKY, P. J., YOUNG, HAGARTY and CARSWELL, JJ., concur; KAPPER, J., dissents, with the following memorandum: I dissent for the reason stated by me in *Matter of City of New York* (*Public Beach*) (230 App. Div. 299). I also dissent from the determination that fifteen dollars per lineal foot is an improper award.

Decree, in so far as appealed from, reversed upon the law, with costs, and matter remitted to the Special Term to make proper awards in conformity with opinion *per curiam*.