In the Matter of the Application of the CITY OF NEW YORK Relative to Acquiring Title, etc., to the Lands, etc., Required for the Purpose of Establishing a Public Beach between the Southerly Prolongation of the Easterly Side of Ocean Parkway and the Prolongation of the Westerly Line of West 37th Street, etc., in the Borough of Brooklyn, City of New York.

FREDERICK RABBE, as Trustee, etc., Petitioner, Respondent, v. COMPTROLLER OF THE CITY OF NEW YORK, Respondent, and ROBERT J. STEPHENSON, as Executor, etc., of AGNES M. STEPHENSON, Deceased, Appellant.

Second Department, December 24, 1937.

*William F. Weber*, for the appellant.

*Hartley G. Pelletier*, for the respondent Frederick Rabbe.

TAYLOR, J. This is a proceeding for the condemnation of real property. The order appealed from grants the application of the petitioner-respondent, as trustee duly appointed under a certain plan of readjustment, etc., of the rights of holders in a certain mortgage covering real property, a part of which (damage parcel 47) was taken in this proceeding, for payment to the petitioner of the amount of the amended or additional award made for that damage parcel, by a decree entered December 30, 1936. The following are undisputed facts: The original award was made to the then owner of the damage parcel and of land not taken, Agnes M. Stephenson, subject to a $35,000 mortgage held by the Title Guarantee and Trust Company, petitioner's predecessor in interest therein, covering that damage parcel and the property of Agnes M. Stephenson not taken. In order that such owner might obtain from the condemnor the amount of that award, which included only nominal damages for the taking of her rights in adjacent land under the ocean, the mortgagee released, by a release of the mortgaged premises executed to the condemnor, only the part of the mortgaged premises which constituted damage parcel 47, retaining the balance of the mortgaged premises as security. The owner thereupon collected the award, and, as was her right (*Matter of Water Comrs. of White Plains*, 195 N. Y. 502; *Matter of City of New York* [*Court House*], 216 id. 489), appealed from the decree, claiming that the award should have included substantial, as distinguished from nominal, damages for her rights in the land under the ocean adjacent to the damage parcel. She was successful

in that appeal in this court (230 App. Div. 407) and in the Court of Appeals (256 N. Y. 555). A hearing was had *do novo* at Special Term. This resulted in a new decree of December 30, 1936, which in effect made to her an additional substantial award for those rights. I am of opinion that the release of the mortgaged premises referred to, and delivery to the condemnor, under the circumstances detailed, for the purpose of permitting the payment of the original award to the owner, were not efficient legally to deprive the mortgagee-releasor, and hence the petitioner, its successor in interest in the mortgage, of the mortgagee's rights in the then prospective additional award, which as a matter of law was subject to that mortgage and continued to be thus subject notwithstanding the release.

The petitioner's right to the amended award is fortified by other undisputed facts: After the original decree was made, the mortgagee, Title Guarantee and Trust Company, loaned further to the owner, on second mortgage the additional sum of $40,000. That mortgage covered the lands not taken and also " all the right, title and interest of the said mortgagor of, in and to the land lying in the Public Beach adjacent to the premises above described. Together with all the right, title and interest of the said mortgagor of, in and to the land under the water of the Ocean Avenue, adjacent to the premises above described." The two mortgages ($35,000 and $40,000) were thereupon consolidated by written agreement and became a mortgage of $75,000. On this mortgage, at the time of the decree of December 20, 1936, there was unpaid for principal and interest and taxes on the mortgaged premises the sum of $94,083, and at the time of the making of the order appealed from, approximately $100,000. As matter of law, under the circumstances of this case, the consolidated mortgage was a lien on the additional award, which, including interest to the time of the entry of the same decree, amounted to only $13,005.20. The Special Term, therefore, properly directed that the additional award be paid to the respondent, in legal effect mortgagee.

The order appealed from should be affirmed, with ten dollars costs and disbursements, payable by the appellant, Robert J. Stephenson, personally.

CARSWELL, JOHNSTON and CLOSE, JJ., concur; HAGARTY, J., dissents and votes to reverse the order, deny the motion and remit the matter to Special Term, for the entry of an order directing payment of the award to Robert J. Stephenson, as executor of the last will and testament of Agnes M. Stephenson, deceased, with memorandum.

HAGARTY, J. (dissenting).    I dissent and vote to reverse the order, deny the motion, and remit the matter to Special Term for the entry of an order directing payment of the award to Robert J. Stephenson, as executor of the last will and testament of Agnes M. Stephenson, deceased.   Since the title to damage parcel 47 vested in the city of New York on the 1st day of October, 1927, and since that parcel included land lying in the public beach adjacent to the premises owned by Agnes M. Stephenson, together with certain riparian rights to the Atlantic ocean, I am of opinion that the release executed on the 13th day of May, 1926, by the mortgagee to the city of New York precludes the mortgagee or its assigns from any rights in the property affected or the avails thereof.

Order directing the comptroller of the city of New York to pay award to Frederick Rabbe, as trustee, affirmed, with ten dollars costs and disbursements, payable by appellant, Robert J. Stephenson, personally.