■ PAUL D. QUATROCHI, Appellant, et al., Plaintiff, v CITIBANK, N. A., et al., Respondents. [618 NYS2d 820] —Order, Supreme Court, New York County (Joan Lobis, J.), entered February 4, 1993, which, insofar as appealed from, granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.

Although on a motion addressed to the sufficiency of a complaint pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true and accorded every favorable inference, nevertheless, allegations consisting of bare legal conclusions, as well as factual claims either inherently incredible or contradicted by documentary evidence, are not entitled to such consideration *(Mark Hampton, Inc. v Bergreen,* 173 AD2d 220). The IAS Court properly dismissed the individual plaintiff's complaint seeking, *inter alia,* to recover lost profits on the sale of a Renoir painting and for breach of contract, because the documentary evidence attached to the complaint, including an Invoice of Sale and Bill of Sale for the purchase and sale of the painting, flatly contradicted the allegations in the complaint *(La Potin v Lang Co.,* 30 AD2d 527, 528), by establishing that the corporate entity, Paul D. Quatrochi, Ltd., rather than the plaintiff individually, had contracted to sell the Renoir, and that any damages sustained as a result of the

defendants' alleged improper actions were therefore suffered solely by the corporate entity rather than the individual plaintiff *(General Motors Acceptance Corp. v Kalkstein,* 101 AD2d 102, 106).

The individual plaintiff, as a corporate shareholder, lacked standing to sue in his own name for injuries to the corporation *(Miglietta v Kennecott Copper Corp.,* 25 AD2d 57, 58), since the exhibits annexed to the complaint established that the individual plaintiff, by executing the documents solely in his capacity as corporate president, intended to bind the corporation rather than the individual signatory, and thereby avoid any personal liability *(American Media Concepts v Atkins Pictures,* 179 AD2d 446).

We have reviewed the plaintiff's remaining claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger and Asch, JJ.