■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVESTER THOMAS, Appellant. [714 NYS2d 667] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered March 21, 1997, convicting defendant, after a jury trial, of one count of driving while intoxicated, and sentencing him to a term of 1⅓ to 4 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker,* 83 NY2d 455, 458-459). Defendant's testimony opened the door to, at the very least, the limited modification of the court's initial ruling. Concur—Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.

■ HERBERT STOLLER, Appellant, v MALLORY FACTOR et al., Respondents, et al., Defendant. [714 NYS2d 667] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered October 7, 1998, which granted the motion of defendants Mallory Factor and Mallory Factor, Inc. to dismiss the complaint as against them for failure to state a cause of action, unanimously affirmed, with costs.

Although the court on a motion to dismiss for failure to state a cause of action must accept all pleaded facts as true, plaintiff's bare and conclusory allegations that the Mallory defendants knew that plaintiff had given funds to co-defendant Scott Wolas in trust and that Wolas was violating that trust were insufficient to state a cause of action for aiding and abetting breach of trust (*see, Quatrochi v Citibank,* 210 AD2d 53; *see also, Fallon v Wall St. Clearing Co.,* 182 AD2d 245, 250). Plaintiff's remaining causes of action against the Mallory defendants, predicated upon the existence of a partnership between them and Wolas, were also insufficiently pleaded, plaintiff's allegation of such partnership having been entirely devoid of facts from which the existence of the purported partnership might have been inferred (*see, Quatrochi v Citibank, supra; see also, Kyle v Ford,* 184 AD2d 1036). Concur— Rubin, J. P., Andrias, Saxe, Buckley and Friedman, JJ.