■ TAKO HOLDINGS, INC., Respondent, v SCOTT TILLMAN et al., Appellants, et al., Defendant. [707 NYS2d 658] —In an action, *inter alia,* to recover damages for breach of contract and to foreclose a mechanic's lien, the defendants Scott Tillman and Sharon Tillman appeal from (1) an order of the Supreme Court, Nassau County (Winick, J.), dated February 23, 1999, which granted the plaintiff's motion to release and discharge a mechanic's lien it filed on September 2, 1998, and denied their cross motion to vacate a mechanic's lien filed by the plaintiff on November 18, 1998, and (2) an order of the same court, entered March 9, 1999, which, upon treating their motion to dismiss the complaint insofar as asserted against them as a motion for summary judgment pursuant to CPLR 3211 (c), denied the motion.

Ordered that the appeal from so much of the order dated February 23, 1999, as granted the plaintiff's motion to release and discharge a mechanic's lien it filed on September 2, 1998, is dismissed, as the appellants are not aggrieved by that portion of the order (*see,* CPLR 5511); and it is further,

, Ordered that the appeal from so much of the order dated

February 23, 1999, as denied the appellants' cross motion to vacate a mechanic's lien filed on November 18, 1998, is dismissed as academic in light of our determination of the appeal from the order entered March 9, 1999; and it is further,

Ordered that the order entered March 9, 1999, is reversed, on the law, the appellants' motion is granted, the complaint insofar as asserted against them is dismissed, and the mechanic's lien filed on November 18, 1998, is vacated; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appellants purchased a parcel of unimproved property in Woodbury from the plaintiff. In accordance with the contract of sale, the plaintiff, a contractor, was to construct a single-family home on the property. At the closing, the appellants entered into a construction loan agreement with Fleet Mortgage Corporation (hereinafter Fleet) pursuant to which Fleet agreed to disburse funds to finance the construction in accordance with a payment schedule based on the progress of the work. The loan funds were to be disbursed in successive payments upon completion of at least 90% of the work for each phase listed in the schedule.

Construction commenced in August 1997 and payments were made to the plaintiff in accordance with the disbursement schedule. A dispute subsequently arose between the plaintiff and the appellants regarding the progress and quality of the work. In August 1998, the appellants notified the plaintiff to cease work and directed Fleet not to make any further disbursements. The plaintiff subsequently filed a mechanic's lien against the property and commenced this action against the appellants and Fleet, *inter alia*, to foreclose the lien and recover the balance due under the contract.

The appellants moved pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them. After notifying the parties in accordance with CPLR 3211 (c), the Supreme Court converted the motion to one for summary judgment. The court denied the motion, concluding that there were triable issues of fact. We reverse.

The appellants met their initial burden of demonstrating their entitlement to judgment as a matter of law by establishing through their experts' affidavits that the plaintiff failed to complete at least 90% of the remaining phases of the work in a proper manner and therefore was not entitled to any further payments pursuant to the contract. In opposition, the plaintiff failed to raise a genuine issue of fact. The affidavits submitted by the plaintiff contained conclusory assertions unsupported by

evidentiary facts (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325; *Kaplan v Hamilton Med. Assocs.*, 262 AD2d 609, 610). Consequently, the first, third, sixth, and seventh causes of action alleging breach of the construction and building loan contracts and seeking foreclosure of the mechanic's lien insofar as asserted against the appellants must be dismissed.

Contrary to the plaintiff's contention, it cannot alternatively recover under a theory of quantum meruit. Where, as here, there is an existing contract between the parties covering the dispute in issue there can be no recovery in quantum meruit (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389; *Harder v Reedy*, 217 AD2d 833, 834). Therefore, the second cause of action asserted against the appellants must also be dismissed.

The appellants are also entitled to dismissal of the eighth cause of action alleging conversion and the eleventh cause of action alleging diversion of trust assets. Those causes of action are based on the plaintiff's claim that the appellants improperly returned a disbursement check to Fleet rather than forwarding it to the plaintiff. However, because the plaintiff did not properly complete the work, it was not entitled to the payment.

There is no merit to the tenth cause of action in which the plaintiff seeks contractual indemnification from the appellants. The indemnification provision of the parties' contract has no applicability to the situation here.

To the extent the appellants raise issues concerning the fourth, fifth, and ninth causes of action, we note that those causes of action are asserted only against Fleet.

Because this action has been determined in the appellants' favor, the mechanic's lien filed on November 18, 1998, must be discharged (*see,* Lien Law § 19 [5]). Consequently, it is unnecessary to address the appellants' claims that the Supreme Court erred in denying their cross motion to vacate that lien. Accordingly, their appeal from the order dated February 23, 1999, is dismissed as academic. Bracken, J. P., Sullivan, Altman and Krausman, JJ., concur.