■ BROOKLYN NAVY YARD COGENERATION PARTNERS, L.P., Appellant, v PMNC et al., Respondents, and MISSION ENERGY NEW YORK, INC., et al., Appellants. (And a Third-Party Action.) [716 NYS2d 64] —In an action, *inter alia,* for a judgment declaring that the defendants forfeited certain claims against the plaintiff because they failed to comply with the notice and documentation provisions of a contract between the parties, the plaintiff and the additional defendants on the counterclaims appeal from (1) an order of the Supreme Court, Kings County (Kramer, J.), dated July 27, 1999, which (a) denied those branches of their motion which were for partial summary judgment on the third cause of action and to dismiss the defendants' first, third, and fourth affirmative defenses and first and second counterclaims, and (b), in effect, denied that branch of their motion which was for partial summary judgment dismissing the defendants' second affirmative defense on condition that the defendants submit additional evidence in support of that defense, and (2) an order of the same court, dated September 22, 1999, which, upon reviewing the defendants' evidentiary submissions, denied that branch of their motion which was for partial summary judgment dismissing the defendants' second affirmative defense.

Ordered that the order dated July 27, 1999, is modified by (1) deleting the provision thereof denying that branch of the motion which was for partial summary judgment dismissing the defendants' first and fourth affirmative defenses and second counterclaim, and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof, in effect, denying that branch of the motion which was

for partial summary judgment dismissing the defendants' second affirmative defense on condition that the defendants submitted additional evidence in support of that defense, and substituting therefor a provision denying that branch of the motion; as so modified, the order dated July 27, 1999, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated September 22, 1999, is vacated, and the appeal from that order is dismissed as academic, without costs or disbursements.

The Supreme Court properly denied that branch of the appellants' motion which was for partial summary judgment on the third cause of action. While it is clear that the agreement signed by the parties required that the defendants give the plaintiff notice of their intent to file the claims at issue, an issue of fact remains as to whether the plaintiff waived that requirement (*see, Barsotti's Inc. v Consolidated Edison Co.,* 254 AD2d 211; *Austin v Barber,* 227 AD2d 826; *Davis Accoustical Corp. v National Sur. Corp.,* 27 AD2d 624).

The court also erred when it, in effect, denied that branch of the appellants' motion which was for partial summary judgment dismissing the defendants' second affirmative defense on condition that the defendants submitted additional evidence in support of that defense. Since the defendants presented evidence in admissible form in opposition to the plaintiff's motion which was sufficient to demonstrate the existence of a triable issue of fact on that issue, the court should have unconditionally denied that branch of the plaintiff's motion (*see, Zuckerman v City of New York,* 49 NY2d 557).

The defendants may not, however, alternatively recover under a theory of quantum meruit, as there is an existing contract between the parties covering the dispute in issue (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388; *Tako Holdings v Tillman,* 272 AD2d 394; *Harder v Reedy,* 217 AD2d 833). The court, therefore, erred in denying that branch of the plaintiff's motion which was for partial summary judgment dismissing the defendants' fourth affirmative defense and second counterclaim.

The court erred in denying that branch of the plaintiff's motion which was for partial summary judgment dismissing the defendants' first affirmative defense. That affirmative defense alleged that the plaintiff's third cause of action seeking a declaratory judgment did not comply with the requirements of CPLR 3017 (b), but a review of the complaint reveals that it did comply with the requirements of the statute (*see,* CPLR 3017 [b]).

In light of our determination, the order dated September 22, 1999, is vacated, and the appeal from that order is dismissed as academic. Santucci, J. P., Sullivan, Friedmann and Smith, JJ., concur.