■ PHILIP OZDEMIR, Respondent, v CAITHNESS CORPORATION, Appellant. [728 NYS2d 824] —Lahtinen, J. Appeal from an order of the Supreme Court (Dowd, J.), entered June 28, 2000 in Chenango County, which denied defendant's motion to dismiss the complaint on the ground, *inter alia*, of documentary evidence.

Plaintiff, initially as a consultant and later as an independent contractor, has been involved with defendant or its partners since 1983. Plaintiff's relationship with defendant developed because of his knowledge and expertise regarding various aspects of the energy industry. Defendant is a part of the Caithness Group, which, along with other affiliated entities, is involved in the energy industry. As relevant here, part of the assets of the Caithness Group consisted of two natural steam fields located in Dixie Valley and Steamboat Springs, Nevada, which could be used to generate electricity.

On March 14, 1985, plaintiff and defendant entered into an agreement whereby defendant authorized plaintiff "to act to bring to the attention of [defendant] investors suitable for providing drilling or other at-risk funds to [defendant]" and agreed to pay plaintiff a finder's fee on any investment made by an investor "found" and "first introduced" by plaintiff to de-

fendant. Plaintiff commenced this action claiming that defendant breached the March 14, 1985 contract by refusing to pay him a $1.6 million finder's fee. Plaintiff argues that he earned the finder's fee by preparing and having defendant execute six "Standard Offer Contract No. 2" (hereinafter SOC2) contracts which were tendered to Southern California Edison Company (hereinafter SCE). Each SOC2 provided, *inter alia,* for the delivery of 25 megawatts produced at defendant's steam fields, which SCE would be required to purchase.* Prior to the March 14, 1985 contract, defendant had submitted a "Standard Offer Contract No. 4" (hereinafter SOC4) to SCE in 1984. The SOC4 proposed that defendant would supply SCE with 16.5 megawatts of geothermal energy over a 30-year period.

SCE rejected both the 1984 SOC4 and the six 1986 SOC2s claiming that defendant failed to demonstrate that it could transmit any electricity produced at the steam fields to SCE. In November 1985, defendant commenced proceedings before the California Public Utilities Commission (hereinafter CPUC) seeking to compel SCE to accept the 1984 SOC4. In August 1989, defendant filed a supplemental petition seeking similar relief regarding the 1986 SOC2s and the CPUC litigation thereafter involved the propriety of SCE's refusal to accept the 1984 SOC4 and the six 1986 SOC2s.

In 1990, SCE settled with defendant with respect to the CPUC litigation and SCE agreed to enter into seven Purchase Power Agreements (hereinafter PPAs) with defendant. These seven PPAs cancelled and replaced all previous contracts. The PPAs were different from the 1984 SOC4 and the six 1986 SOC2s in that the location requirement was flexible and the megawatts that were to be provided to SCE were modified. In 1992, SCE terminated the PPAs based upon defendant's failure to demonstrate the development of necessary transmission arrangements by a set deadline.

In June 1995, a buyout agreement was entered into by SCE and defendant whereby SCE was released from its long-term obligations to purchase power from defendant pursuant to the PPAs in exchange for $82 million payable to defendant. It is this $82 million buyout, approved by the CPUC in February 1997, which provides the basis for plaintiff's claim for a finder's fee. Specifically, plaintiff alleges that he is owed a commission because it was the information he obtained relative to the vi-

---

* Pursuant to Federal legislation passed in 1978 (Public Utility Regulatory Policies Act of 1978 [16 USC § 824a-3]), public utilities were required to purchase electricity generated by independent power producers utilizing renewable energy resources including steam.

ability of the use of the SOC2s and the ability to utilize existing transmission lines owned by an adjacent energy facility that ultimately led to the $82 million settlement reached by defendant and SCE. Defendant did not answer the complaint, but instead moved pursuant to CPLR 3211 (a) (1) and (5) for dismissal of the action. Supreme Court denied defendant's motion to dismiss and defendant now appeals.

Defendant contends that Supreme Court erred in denying its motion to dismiss because the documentary evidence submitted in support of the motion conclusively established that plaintiff failed to satisfy any of the conditions precedent contained in the agreement. Plaintiff counters that the court properly denied defendant's motion because the terms of the March 14, 1985 agreement were ambiguous, raising questions of fact which would preclude the granting of a motion for accelerated judgment.

The scope of review applicable to a motion to dismiss pursuant to CPLR 3211 is limited (*see, Cron v Hargro Fabrics*, 91 NY2d 362, 366). When reviewing such a motion, a court must liberally construe the pleadings in plaintiff's favor, accept the facts alleged as true, and determine whether the facts alleged fit within any cognizable theory (*see, id.*, at 366; *Leon v Martinez*, 84 NY2d 83, 87-88; *Kovach v Hinchey*, 276 AD2d 942, 944). However, a court need not accept as true legal conclusions or factual allegations that are either inherently incredible or flatly contradicted by documentary evidence (*see, Maas v Cornell Univ.*, 94 NY2d 87, 91; *1455 Washington Ave. Assocs. v Rose & Kiernan*, 260 AD2d 770, 771).

Furthermore, a court may dismiss a complaint based upon a defense founded upon documentary evidence (*see*, CPLR 3211 [a] [1]). "To succeed on a motion under CPLR 3211 (a) (1), a defendant must show that the documentary evidence upon which the motion is predicated resolves all factual issues as a matter of law and definitively disposes of the plaintiff's claim" (*Unadilla Silo Co. v Ernst & Young*, 234 AD2d 754, 754 [citations omitted]).

Here, the March 14, 1985 agreement relied upon by defendant clearly and unambiguously obligates defendant to pay a finder's fee to plaintiff only if an investor "found by [plaintiff] and first introduced by [plaintiff]" to defendant makes an investment. Whether an agreement is ambiguous is a question of law for the courts (*see, Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 191). We find no ambiguity in the meaning of the words "found" or "first introduced" and conclude that plaintiff neither "found" nor "first introduced" SCE to defen-

dant. Plaintiff readily concedes the prior relationship between defendant and SCE which resulted in the 1984 SOC4 and, significantly, is "prepared to acknowledge that [his] claim for a commission may be reduced by the percentage of the buyout attributable to the pre-existing 1984 SOC4 contract." Accordingly, it is clear from the plain language of the agreement and other documentary proof in the record that the requirement that plaintiff find and first introduce an investor, in this case SCE, to defendant has not been met and defendant's motion pursuant to CPLR 3211 (a) (1) should have been granted.

In light of the above, defendant's remaining arguments are academic.

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and complaint dismissed.