■ Kevin M. Adamkiewicz, Appellant, v Yates S. Lansing et al., Defendants, and Sunsmile's Group, Inc., Respondent. [732 NYS2d 135] —Cardona, P. J. Appeal from an order of the Supreme Court (Williams, J.), entered November 16, 2000 in Saratoga County, which granted a motion by defendant Sunsmile's Group, Inc. to dismiss the complaint against it on the ground of documentary evidence.

On May 1, 2000, plaintiff sustained injuries while working for a subcontractor who was erecting a single-family home on property located in the Town of Malta, Saratoga County. Following the accident, plaintiff initiated a personal injury action containing claims of negligence and Labor Law violations against, among others, defendant Sunsmile's Group, Inc. (hereinafter defendant). In the pleadings, it was alleged that defendant was an owner of the premises where the accident occurred. Prior to joinder of issue, defendant moved to dismiss the action presenting proof that, at the time of the accident, it was not the owner of the property. Specifically, an October 1999 building permit application by defendant Sheryl Ann Lansing, the current owner of the premises, indicated that defendant was the owner of the unimproved lot at that time. However, the motion papers included a copy of a deed dated November 3, 1999 in which defendant conveyed the lot to Lansing. Said deed was filed in the Saratoga County Clerk's office on that same day. Supreme Court granted defendant's motion and plaintiff appeals.

The complaint against defendant was properly dismissed pursuant to CPLR 3211. "When reviewing such a motion, a

court must liberally construe the pleadings in plaintiff's favor, accept the facts alleged as true, and determine whether the facts alleged fit within any cognizable theory" (*Ozdemir v Caithness Corp.*, 285 AD2d 961, 963 [citations omitted]; *see, Kovach v Hinchey*, 276 AD2d 942, 943). Notably, in this case defendant sought, *inter alia*, dismissal of the complaint based upon a defense founded upon documentary evidence (*see*, CPLR 3211 [a] [1]). "To succeed on a motion under CPLR 3211(a) (1), a defendant must show that the documentary evidence upon which the motion is predicated resolves all factual issues as a matter of law and definitively disposes of the plaintiff's claim" (*Unadilla Silo Co. v Ernst & Young*, 234 AD2d 754 [citations omitted]; *see, Ozdemir v Caithness Corp., supra*).

Here, defendant argues that the documentary evidence clearly and unambiguously establishes that it transferred ownership of the property to Lansing several months before plaintiff's accident and, therefore, cannot be held liable for plaintiff's injuries. In response, plaintiff attempts to attack the validity of the deed by claiming that the signature of the transferor on the deed was improperly acknowledged. Furthermore, plaintiff claims that the motion to dismiss should have been denied because the price that Lansing paid for the property was purportedly below market value, thus, the consideration was insufficient to constitute a valid transfer.

Neither assertion is sufficient to undermine Lansing's ownership of the premises as established by the proof in this record. We note initially that the record contains an affidavit describing the details of the November 1999 sale by defendant's president, the individual who executed the deed on defendant's behalf, which is uncontroverted. In any event, regarding the challenge to the acknowledgment, we note that plaintiff, who has no property interest herein, is clearly not "a party affected thereby" (RPAPL 301 [1]) and, therefore, he does not have standing to contest the acknowledgment (*see, e.g., Matter of Barrie*, 134 Misc 2d 440, 441 [estate proceeding]). As for plaintiff's claim that the $10,000 amount reflected by the transfer tax on the deed constitutes insufficient consideration, we note that it is well settled that, except for the rights of creditors, a situation not involved herein, the adequacy of consideration paid for the transfer of real property is irrelevant with respect to a deed's validity (*see, Diefendorf v Diefendorf*, 8 NYS 617, 620, *affd* 132 NY 100). Therefore, since the documentary evidence establishes that the complaint fails to state a viable cause of action against defendant under any cognizable legal theory, Supreme Court properly granted defendant's motion to dismiss the complaint.

Mercure, Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.