■ YOSHIHARU IGARASHI, Appellant, v SHOHAKU HIGASHI, Respondent, et al., Defendants. [735 NYS2d 33] —Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered July 17, 2000, which, *inter alia,* granted defendant Shohaku Higashi's motion to the extent of dismissing the consolidated complaints pursuant to CPLR 3211 (a) (1), unanimously modified, on the law and the facts, to deny the motion with respect to plaintiff's fifth cause of action in each of the consolidated complaints and to reinstate such cause in each of the consolidated complaints, with leave to plaintiff Yoshiharu Igarashi to amend the fifth cause of action in each complaint to seek a partition of the subject properties, and otherwise affirmed, without costs.

In view of the documentary evidence, to wit, deeds signed by plaintiff Igarashi at the closings of the four properties in question indicating that both Igarashi and defendant Higashi are owners of the properties, dismissal of the first four causes of action, which essentially claimed that plaintiff was the sole owner of the property, was appropriate. While pleadings should be liberally construed on a motion to dismiss, claims "flatly contradicted by documentary evidence" must be rejected (*see, Kliebert v McKoan*, 228 AD2d 232, *lv denied* 89 NY2d 802).

Nevertheless, we reinstate plaintiff's fifth cause of action, which, *inter alia,* sought sale of the subject properties and an accounting. The IAS court directed an accounting, to which defendant Higashi had consented. In order to retain jurisdiction over any challenges to the completeness or timeliness of the accounting, reinstatement of the cause of action is warranted. Further, we grant leave to Igarashi to amend this cause of action to seek partition, in view of the apparently fractious relationship between the two owners of the property. Concur—Lerner, J. P., Saxe, Buckley, Friedman and Marlow, JJ.