■ ANNE T. WALLACH, Appellant, v MARLI HINCKLEY, Individually and as Executor of RICHARD W. WALLACH, Deceased, Respondent, et al., Defendant. [785 NYS2d 147]—

Mugglin, J. Appeal from an order of the Supreme Court (Sheridan, J.), entered February 25, 2004 in Albany County, which, inter alia, granted the cross motion of defendant Marli Hinckley to dismiss the complaint.

In April 1988, during a period of temporary separation, plaintiff and her now deceased husband, Richard W. Wallach, entered into a postnuptial agreement which provides, in relevant part, that "so long as they live together as Husband and Wife, the Wife shall be named as a beneficiary of the Husband's pension plan and life insurance policies." It is undisputed that after plaintiff and Wallach signed the agreement, they resided together as husband and wife until September 2002, when he left the marital residence and began living with defendant Marli Hinckley. Following Wallach's death on June 1, 2003, defendant New York State and Local Employees' Retirement System determined that his November 2002 designation of Hinckley as the beneficiary of the pension benefits was proper and valid. Thereafter, plaintiff commenced this action alleging, in essence, that Wallach breached the April 1988 agreement by naming Hinckley as beneficiary of the pension plan. Supreme Court granted Hinckley's motion for dismissal of the complaint pursuant to CPLR 3211 (a) (1), finding that the pertinent language of the agreement did not bar Hinckley's designation as the pension plan beneficiary. Plaintiff appeals.

A motion to dismiss a complaint based upon documentary evidence may be granted where the documentary evidence submitted resolves all factual issues as a matter of law and definitively disposes of the plaintiff's claim (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]; Ozdemir v Caithness Corp., 285 AD2d 961, 963 [2001], lv denied 97 NY2d 605 [2001]). Plaintiff contends that Supreme Court improvidently dismissed her complaint because the agreement, read in its entirety against the factual background of the parties' then separation, means that the quoted language was intended to irrevocably designate plaintiff as the beneficiary of Wallach's pension plan if she resumed cohabitation with him. The plain language of the agreement does not support plaintiff's argument. Plaintiff's designation as beneficiary was conditioned upon the parties' cohabiting. When this no longer occurred, nothing in the agreement impaired Wallach's right to modify

the designation of the beneficiary. This interpretation finds additional support from those parts of the agreement which provide for the continuation of the parties' right to live separate and apart and the continued validity of the agreement despite subsequent reconciliation or the resumption of marital relations unless changes are documented in writing. As the parties no longer resided as husband and wife, Wallach was free to designate Hinckley as the pension beneficiary and Supreme Court properly dismissed the complaint (*see Leon v Martinez*, 84 NY2d 83, 87-89 [1994]; *Adamkiewicz v Lansing*, 288 AD2d 531, 532 [2001]; *Ozdemir v Caithness Corp., supra* at 963-964).

As a final matter, we find no merit in plaintiff's argument that Supreme Court improperly considered four affidavits as documentary evidence. The record is not clear that they were so considered and, in any event, they would constitute mere surplusage as the agreement itself constitutes sufficient documentary evidence to establish as a matter of law that the complaint failed to state a meritorious cause of action and, thus, its dismissal was proper (*see Adamkiewicz v Lansing, supra* at 532).

Crew III, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.