Joseph G. Crepin et al., Appellants, v William J. Fogarty et al., Respondents. [874 NYS2d 278]—

Lahtinen, J. Appeal from an order of the Supreme Court (Lynch, J.), entered November 26, 2007 in Rensselaer County, which granted defendants' motion to dismiss the complaint.

Plaintiffs and defendants are disputing neighbors. Plaintiffs

commenced this trespass action contending in their first and second causes of action that defendants' underground septic system encroaches upon their property and, in their third and fourth causes of action, that an access easement granted in 1985 to defendants over the property now owned by plaintiffs had been extinguished by adverse possession or abandonment. Defendants made a preanswer motion to dismiss pursuant to CPLR 3211 (a) (1) asserting a defense founded upon documentary evidence. Supreme Court granted the motion and plaintiffs now appeal.

In this procedural context, "the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (*id.*). When the motion to dismiss is premised upon documentary evidence, "such motion may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). While factual affidavits submitted by a plaintiff may be considered to remedy defects in the complaint (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]), affidavits submitted by a defendant do not constitute documentary evidence upon which a proponent of dismissal can rely (*see Realty Invs. of USA v Bhaidaswala*, 254 AD2d 603, 604-605 [1998]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:10, at 21-22).

The first and second causes of action involve the underground septic system, which defendants asserted had been in place, operational and openly serviced since before they purchased their lot in 1985. There is no easement in their deed regarding the septic tank and leach fields. They assert a prescriptive easement, but such assertion rests on factual affidavits submitted by or on behalf of defendants. While such affidavits might suffice to establish the elements of their defense in a motion for summary judgment, they do not afford a proper basis for a motion to dismiss based on documentary evidence. Accordingly, dismissal of the first and second causes of action must be reversed.

The defense to the third and fourth causes of action is, however, supported by appropriate documentary evidence. The specifically described easement on the north boundary of plaintiffs' lot is set forth in defendants' 1985 deed, plaintiffs'

1993 deed provided that they took title subject to the easement and, significantly, the parties had acknowledged the existence and validity of the access easement in a signed document in 2002. These documents were all produced by defendants, they are proper documents for consideration on a motion to dismiss pursuant to CPLR 3211 (a) (1), and plaintiffs did not challenge the authenticity of any of these documents. We agree with Supreme Court that these documents conclusively established the continuing validity of the access easement and, accordingly, the third and fourth causes of action were properly dismissed (*see Adamkiewicz v Lansing*, 288 AD2d 531, 532 [2001]; *see also M. Fund, Inc. v Carter*, 31 AD3d 620, 621 [2006]; *Yoshiharu Igarashi v Shohaku Higashi*, 289 AD2d 128, 128 [2001]).

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion to dismiss the first and second causes of action; motion denied to that extent and defendants are directed to serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.