■ In the Matter of JAMES P. DUGAN et al., Appellants, v BILLY LIGGAN et al., Constituting the Planning Board of the Town of Rosendale, et al., Respondents. [935 NYS2d 730]—

Stein, J.

In August 2006, respondents Daniel Falk, Kevin Evans and Angela Evans (hereinafter collectively referred to as the applicants) filed an application with the Planning Board of the Town of Rosendale for a three-phase subdivision in the Town of Rosendale, Ulster County. The proposed project was to consist of 21 residential lots and one preexisting commercial lot. The Board began a coordinated environmental review in October 2006 and formally announced its intention to act as a lead agency for purposes of the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]). Respondent Ulster County Department of Health-Environmental Sanitation Division (hereinafter Department) was named as one of the involved agencies. The project was classified as a type I action under SEQRA. Public hearings were conducted by the Board in April and December 2007 and public comments were solicited on the proposed plan.

In July 2008, the Board determined that an environmental impact statement would not be necessary and filed a negative declaration of environmental significance with the Town Clerk. The Board then adopted a resolution and issued a decision granting preliminary plat approval, which was filed with the Town Clerk on September 4, 2008. In February 2009, the preliminary approval was extended for a six-month period. In September 2009, after conducting an extensive review of the relevant sewage disposal plans, as well as the soil and water conditions of the property, the Department issued a certificate of approval of the subdivision plans, final subdivision plat approval was granted and such approval was promptly filed with the Town Clerk.

In October 2009, petitioners—a group of neighboring landowners whose properties adjoin the proposed subdivision—commenced this CPLR article 78 proceeding seeking review of the approvals of the subdivision plan by the Board and by the Department. Respondents answered asserting, among other things, that petitioners had not commenced the proceeding within the applicable statute of limitations. Supreme Court dismissed the petition as untimely, prompting this appeal by petitioners.*

We modify. The four-month period in which a CPLR article 78 proceeding must be brought to review an agency determination commences on the date "the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1];

---

* Inasmuch as petitioners have now conceded that their challenge to the Board's preliminary plat approval filed with the Town Clerk on September 4, 2008 was untimely, we deem that issue to be abandoned.

*see* 7801 [1]; *Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.* 5 NY3d 30, 34 [2005]). A determination is final and binding when the decision maker has arrived at "a definitive position on the issue that inflicts an actual, concrete injury [and when that injury] may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998] [internal quotation marks and citations omitted]; *see Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519, 520 [1986], *cert denied* 479 US 985 [1986]).

Consideration by the Department of whether aspects of a subdivision plan comport with the Public Health Law and Department regulations pursuant to its statutory duty to supervise and regulate the sanitary aspects of sewage disposal is a separate and distinct inquiry from the SEQRA process (*see Matter of Ames v Johnston*, 169 AD2d 84, 86 [1991]). Here, after receiving petitioner's application in October 2006, requesting further information and considering various expert reports, among other things, the Department issued its approval of the subdivision plans for the proposed water supply and sewage disposal system in September 2009. It is axiomatic that petitioners did not have a claim against the Department until that time, as the Department had not previously arrived at a position on the issue. This proceeding was commenced in October 2009, well within the four-month limitations period. Thus, dismissal of the petition as it related to claims against the Department was erroneous. Because Supreme Court did not review the merits of such claims, we remit this proceeding to Supreme Court to hear and determine the issues raised by petitioners in the first instance (*see generally* CPLR 7804 [g], [h]; *Matter of Samson Mgt., LLC v New York State Div. of Hous. & Community Renewal*, 76 AD3d 1024, 1025 [2010]; *Matter of Harvey v New York State Dept. of Envtl. Conservation*, 235 AD2d 625, 625 [1997]).

Peters, J.P., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition relating to respondent Ulster County Department of Health-Environmental Sanitation Division; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

