Garry, J.
Appeal from a judgment of the Supreme Court (Mc-Grath, J.), entered April 8, 2011 in Columbia County, which, in *1187 a combined proceeding pursuant to CPLR article 78 and actions pursuant to RPAPL article 15 and for declaratory judgment, granted motions by respondents Office of General Services and City of Hudson to dismiss the petition/complaint.
Petitioners occupy cabins located on a 14.4-acre parcel of real property (hereinafter the subject property) in an area of the City of Hudson, Columbia County that was formerly submerged under the North Bay of the Hudson River. In 2009, respondent City of Hudson applied to respondent Office of General Services (hereinafter OGS) for letters patent transferring the subject property from the State to the City pursuant to Public Lands Law § 75 (7). In December 2009, the letters patent were executed by the Commissioner of General Services and approved as to form by the Attorney General and, on January 10, 2010, they were recorded with the Department of State and delivered to the City. Thereafter, petitioners commenced this combined CPLR article 78 proceeding and actions pursuant to RPAPL article 15 and for a declaratory judgment seeking to set aside the transfer and quiet title to the subject property. Petitioners contend that the State had no power to convey the property, having transferred it in 1785 to 18 individuals who founded the City (hereinafter the proprietors), and that petitioners subsequently acquired title by adverse possession. OGS and the City (hereinafter collectively referred to as respondents) moved separately to dismiss the petition/complaint, and Supreme Court granted the motions. Petitioners appeal.
Supreme Court properly dismissed the cause of action pursuant to CPLR article 78 because it was not filed “within four months after the determination to be reviewed [became] final and binding” (CPLR 217 [1]). Such finality occurs when the decision maker has arrived at “a definitive position on the issue that inflicts actual, concrete injury [that] . . . may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party” (Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005]; see Matter of Dugan v Liggan, 90 AD3d 1445, 1447 [2011]). Petitioners contend that the conveyance of the subject property from the State to the City became final and binding when the letters patent were recorded in the Columbia County Clerk’s office on January 20, 2010, so that the CPLR article 78 proceeding was timely when commenced on May 19, 2010, just less than four months later. However, a transfer of real property takes place “at the delivery of a properly executed deed, rather than when the deed is recorded” (Cicero v Aspen Hills II, LLC, 85 AD3d 1411, 1412 *1188 [2011]; see Real Property Law § 244; Manhattan Life Ins. Co. v Continental Ins. Cos., 33 NY2d 370, 372 [1974]). Here, the transfer was accomplished when the State delivered the executed letters patent to the City on January 12, 2010; thereafter, no further administrative actions or other steps were available to petitioners to avoid the claimed harm regardless of the date when they were recorded. Supreme Court thus properly concluded that this claim was time-barred.
As to the causes of action pursuant to RPAPL article 15 and for a declaratory judgment, petitioners assert that they have an adverse possession claim against descendants of the proprietors to whom the State allegedly conveyed the subject property in 1785. Petitioners concede that the subject property is not susceptible to an adverse possession claim if it was not transferred from the State’s ownership, as it was formerly under navigable waters (see Sadowski v Taylor, 56 AD3d 991, 995 [2008]; see generally Hinkley v State of New York, 234 NY 309 [1922]; Knickerbocker Ice Co. v Shultz, 116 NY 382 [1889]). Chapter 83 of the Laws of 1785, among other things, established the City of Hudson, laid out its boundaries and granted a specific parcel of land located within those boundaries and below the high water mark of the Hudson River to the proprietors. The legislation recites that the proprietors requested this grant to protect wharfs and a shipyard being constructed on land that they had purchased to establish the new settlement, and describes the transferred property as “all the land lying under the water, and directly opposite to the tract of land so purchased by [the proprietors] as aforesaid from high water mark [180] feet to the channel of the said river in a course north [57] degrees west” (L 1785, ch 83, § 24). According to petitioners, the formerly submerged land on which their cabins are now located was included in this conveyance.
Supreme Court dismissed this claim pursuant to CPLR 3211 (a) (1), determining that respondents successfully established by documentary evidence that the 1785 grant to the proprietors did not include the subject property. Such a motion “may be granted where the documentary evidence submitted resolves all factual issues as a matter of law and definitively disposes of the plaintiff’s claim” (Wallach v Hinckley, 12 AD3d 893, 894 [2004]). In support of their motion, respondents submitted maps, surveys and other documents pertaining to the area in question. Respondents rely in particular upon the language in the 1785 legislation describing the property conveyed to the proprietors (see L 1785, ch 83, § 24) and on an 1839 map depicting the location of this property along the high water mark and the con *1189 tours of the river as it existed at that time, including the area of the North Bay where petitioners’ cabins are now located, as well as a 1905 map of water grants by the State in the North Bay area, revealing that the land where petitioners’ cabins are now located was not included among these grants. We agree with Supreme Court that these documents, as supplemented by other maps, deeds and surveys submitted by respondents, conclusively demonstrate that the property where petitioners’ cabins are now located lies wholly north and east of the land conveyed to the proprietors, that no part of the subject property was included in the 1785 conveyance, and that the property remained in State ownership until the letters patent were issued to the City.*
Where, as here, “[petitioners’] legal conclusions and factual allegations are flatly contradicted by documentary evidence, they are not presumed to be true or accorded every favorable inference, and the criterion becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one” (Griffin v Anslow, 17 AD3d 889, 891-892 [2005] [internal quotation marks and citations omitted]; accord Morgenthow & Latham v Bank of N.Y. Co., 305 AD2d 74, 78 [2003], lv denied 100 NY2d 512 [2003]). Petitioners did not identify any ambiguities or inaccuracies in respondents’ documentary evidence, nor did they otherwise show that this evidence did not resolve the legal and factual issues underlying their claims; accordingly, their second and third causes of action were properly dismissed for failure to state a cause of action (see Crepin v Fogarty, 59 AD3d 837, 839 [2009]; Adamkiewicz v Lansing, 288 AD2d 531, 532 [2001]; compare Lopes v Bain, 82 AD3d 1553, 1554-1555 [2011]; Witiuk v Mykytiw, 216 AD2d 779, 780-781 [1995]).
Finally, petitioners assert that they were deprived of due process of law by respondents’ failure to give them personal notice of the City’s application for letters patent. The record reveals that the prospective transfer was addressed at public meetings of the City’s Common Council, and that the statutory requirements for notice of the application by publication and posting were fully met (see Public Lands Law § 77). We reject petitioners’ claim that they should have received personal notice based on their longstanding occupancy of the subject property. Due process does not require personal notice in every circumstance *1190 where a property interest may be affected by government action; instead, a balancing process is employed to determine what constitutes “ ‘notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections’ ” (Matter of Zaccaro v Cahill, 100 NY2d 884, 888 [2003], quoting Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]). Notice by publication is sufficient as to “[t]hose whose names or whereabouts are unknown and cannot be learned with due diligence or those whose interests are uncertain” (Congregation Yetev Lev D’Satmar v County of Sullivan, 59 NY2d 418, 423 [1983]). Here, petitioners’ identities could not have been readily ascertained, as they held no deeds and never paid taxes on the subject property; further, their claim to a legally protected ownership interest was uncertain at best. Accordingly, the statutorily required constructive notice was constitutionally sufficient (see Matter of Zaccaro v Cahill, 100 NY2d at 889; compare Mennonite Bd. of Missions v Adams, 462 US 791, 798 n 4 [1983]; Congregation Yetev Lev D’Satmar v County of Sullivan, 59 NY2d at 426).
Peters, P.J., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

 Respondents also submitted certain affidavits from surveyors, title examiners and others that were not considered as they “do not constitute documentary evidence upon which a proponent of dismissal can rely” (Crepin v Fogarty, 59 AD3d 837, 838 [2009]; see Wallach v Hinckley, 12 AD3d at 895).