OPINION OF THE COURT
James P. Gilpatric, J.
This is an action to foreclose a mortgage issued to the defendant by the plaintiff. The defendant Mark Rausher moves for an order in this foreclosure action: (1) dismissing the complaint; (2) finding the plaintiff in violation of its obligations pursuant to CPLR 3408 (f); (3) imposing sanctions, including attorneys’ fees, pursuant to 22 NYCRR 130-1.1 based upon plaintiffs failure to comply with the requirement to negotiate in “good faith” and for undue delay; and (4) granting such other and further relief as to this court shall seem just and proper. The plaintiff opposes the motion.
The homeowner has submitted three loan modifications, in an attempt to modify his foreclosure loan, beginning in November 2010. The plaintiff has rejected two previous requests based on the fact the investor or group of investors has not given the plaintiff the contractual authority to modify the defendant’s loan (defendant’s aff, exhibit 2). On or about February 25, 2013, the plaintiff submitted a request for judicial intervention for this mortgage foreclosure action on a residen *490 tial property, located at 298 State Route 208, New Paltz, New York, and owned by the defendant.
As to the defendant’s request to dismiss the complaint, when reviewing a motion to dismiss pursuant to CPLR 3211, a court must liberally construe the pleadings in plaintiffs favor, accept the facts alleged as true, and determine whether the facts alleged fit within any cognizable theory (see Ozdemir v Caithness Corp., 285 AD2d 961, 963 [3d Dept 2001]). A motion to dismiss a complaint upon documentary evidence may be granted where the documentary evidence submitted resolves all factual issues as a matter of law and definitively disposes of the plaintiff’s claim (see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]; see also Wallach v Hinckley, 12 AD3d 893 [3d Dept 2004]).
Here the plaintiff has established that it had physical possession of the note and mortgage prior to the commencement of the action. Contrary to the defendant’s claim that the plaintiff lacked standing, the physical possession of the note and mortgage prior to the commencement of the action is sufficient to confer standing (see Chase Home Fin., LLC v Miciotta, 101 AD3d 1307 [3d Dept 2012]; Wells Fargo Bank, N.A. v Wine, 90 AD3d 1216, 1217 [3d Dept 2011]). Therefore, the court shall not dismiss the complaint.
However, the primary issue before the court is whether the facts as alleged by the defendant are sufficient to demonstrate a violation of CPLR 3408 (f)’s good faith requirement. Although the New York Legislature has not established a definitive test to determine a lack of good faith, generally, good faith under New York case law is an interpretative concept, “necessitating] examination of a state of mind” (Credit Suisse First Boston v Utrecht-America Fin. Co., 80 AD3d 485, 487 [1st Dept 2011]).
CPLR 3408 (a) requires a mandatory settlement conference in every residential foreclosure action during which the plaintiff, through its servicer, and the defendant are required to negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible (see CPLR 3408 [a], [f]). Moreover, the purpose of settlement conferences is for the parties to try to resolve the matter without litigation which would have the effect of restoring the homeowner to his home (US Bank N.A. v Alejandra Padilla, 31 Misc 3d 1208[A], 2011 NY Slip Op 50535[U] [Sup Ct, Dutchess County 2011]). Toward that end, CPLR 3408 (f) requires that the parties negotiate in good faith. Additionally, this court has the affirmative obligation to ensure *491 that the primary statutory goal of keeping homeowners in their homes is met (see CPLR 3408 [a]) and the concomitant obligation of ensuring that the parties act in good faith (see 22 NYCRR 202.12-a [c] [4]). Toward that end, the court has the power, upon a finding of bad faith, to impose an equitable remedy commensurate with the plaintiffs conduct regarding the foreclosure loan modification.
Here, the parties first appeared for a settlement conference on April 22, 2013. The defendant was represented by Legal Services of the Hudson Valley. This court signed a residential foreclosure conference order, adjourning the matter to June 24, 2013 in order for the plaintiffs counsel to check upon the progress of the defendant’s third, and latest, modification paper work and render a decision on the defendant’s application. At the second settlement conference on June 24, 2013, this court ordered the plaintiff to produce proof of the mortgage ownership as requested by counsel for the defendant and the matter was again adjourned to September 30, 2013. At the third settlement conference held on September 30, 2013, the plaintiff had still not responded to the defendant’s demand of proof of ownership of the note and mortgage as ordered by this court, but provided a copy of the servicing agreement that stated the modification was moot because the plaintiff averred that the plaintiff was servicing the loan for and on behalf of an investor or group of investors that had given no contractual authority to modify the defendant’s loan. At a fourth settlement conference scheduled by this court for October 28, 2013, the defendant filed the instant motion and the matter was adjourned until November 25, 2013 to monitor a response to the motion. The defendant now alleges that over the course of the settlement conferences the plaintiff has improperly denied the defendant’s application to modify his mortgage under the guidelines of the Federal Home Affordable Modification Program (HAMP) (see 12 USC § 5219a) and proceeded to act in “bad faith” over the course of the negotiations.
While the courts have not yet articulated the effect that the “investor” prohibition or restrictions on loan modification might have on the plaintiffs duty to negotiate in good faith as required by CPLR 3408 (f), the court in Flagstar Bank, FSB v Walker stated that “[t]here is only one standard for good faith under CPLR 3408,” and “[t]hat standard exists regardless of insurance regulations by the Federal Housing Administration . . . , or others, and independent of investor restrictions” (37 *492 Misc 3d 312, 313 [Sup Ct, Kings County 2012]). The foreclosure settlement conference mandated by CPLR 3408 is based upon the rights and obligations of the parties of the mortgage loan and an “investor” is not the party that is seeking to foreclose on the mortgage, nor is the investor a party to the action (see CPLR 3408; Wells Fargo Bank, N.A. v Meyers, 30 Misc 3d 697, 701 [Sup Ct, Suffolk County 2010], revd on other grounds 108 AD3d 9 [2d Dept 2013]).
A plaintiff who contends that it cannot agree to a loan modification or other arrangement that would allow a defendant to stay in his home because of an “investor” prohibition or restriction must provide the court with suitable documentary evidence of the restriction. While the plaintiff has provided in its opposition what appears to be a one-page email (with the majority of the text redacted), there is no mention of the plaintiff, nor is there an adequate showing as to who could waive its application in any particular action. At the very least, the plaintiff must fulfill its obligation in the HAMP process to attempt to obtain a waiver of the “investor” prohibition or restriction in the action (see One W. Bank, FSB v Greenhut, 36 Misc 3d 1205[A], 2012 NY Slip Op 51197[U] [Sup Ct, Westchester County 2012]). Here, the plaintiff has provided no evidence that it proceeded in good faith to obtain such a waiver.
Clearly, plaintiffs refusal to even consider the defendant’s loan modification has violated its obligation to negotiate in good faith pursuant to CPLR 3408 (f). Additionally, the plaintiff’s failure to provide the court ordered documentation, along with its refusal to consider a loan modification, has only served to unnecessarily delay the settlement process while racking up interest, fees and penalties to the plaintiffs benefit and the defendant’s detriment.
Turning to the matter of remedy, the court must find an appropriate, permissible and authorized remedy (Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9 [2d Dept 2013]). Here, the court finds that it would be appropriate to cancel interest and any other accrued fees or costs back to the date of the first settlement conference on April 22, 2013 that mandated good faith negotiations pursuant to CPLR 3408. Although the plaintiff has asserted that it was precluded from offering any loan modification to the defendant, the plaintiff has yet to establish that it was precluded from offering any modification to the defendant. It is clear that whoever is responsible for the delay caused by the plaintiffs position to not negotiate, it was *493 not the defendant, and he should not be required to bear the consequence of the confusion between the plaintiff and its servicer and/or “investors” in its obligation to negotiate under CPLR 3408 in an attempt to keep the defendant in his home. Since the plaintiff would not review the defendant’s most recent application for a loan modification, the mandatory settlement conference proceedings must continue.
Moreover, the bank is directed to consider and provide an answer on a permanent loan modification, HAMP or in-house, at the next conference. In the event the defendant is denied a permanent modification, the bank must provide a full and detailed explanation as to the reasons for the denial. If the bank denies the application, it must be prepared to discuss the reasons why its actions did not contribute to the denial. Indeed, the mere passage of time and accumulation of arrears and interest while the plaintiff was giving contradictory information regarding the review process may have rendered an otherwise eligible candidate ineligible for either a HAMP or in-house modification, and may indicate bad faith negotiations on the bank’s part, subjecting it to a bad faith hearing. If no answer is given by the bank on the next conference date, the matter will be set for a bad faith hearing. Additionally, the court has considered any remaining arguments and finds them either unavailing or unnecessary to reach.
Based on the foregoing, it is hereby ordered that the defendant’s request to dismiss the plaintiffs complaint is denied; and it is further ordered that the plaintiff is directed to reopen the defendant’s file and consider him for a modification taking into consideration the bank’s delay in reaching a decision; and it is further ordered that the plaintiff is barred from collecting any interest incurred from April 22, 2013 until the matter is released from the settlement part; and it is further ordered that any unpaid late fees are disallowed by the court; and it is further ordered that any fees for loan modification applications to date are to be waived and/or refunded to the defendant; and it is further ordered that any attorneys’ fees and other bank fees claimed to have been incurred from the date of the default until the date of this matter’s release from the settlement part are not to be included in the calculation of the defendant’s modified mortgage payment or otherwise imposed on the defendant, but, rather, any request for attorneys’ fees is hereby severed and to be submitted to the court for separate, independent review as to their reasonableness.