**Sea Gate Assn. v CG-3PL Engg., D.P.C.**

2025 NY Slip Op 32502(U)

July 14, 2025

Supreme Court, Kings County

Docket Number: Index No. 515350/2024

Judge: Carolyn E. Wade

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an I.A.S. Trial Term, Part 84, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Brooklyn, New York, on the __14th__ day of July 2025

**PRESENT: HON. CAROLYN E. WADE**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------- X
THE SEA GATE ASSOCIATION,

Plaintiff,

-against-

CG-3PL ENGINEERING, D.P.C. and
PRESTIGE PLUMBING & HEATING INC.,

Defendants.
------------------------------------------------------------------- X

Index No.: 515350/2024

**DECISION AND ORDER**

Motion Seq. 001

Defendant PRESTIGE PLUMBING & HEATING INC.'s (hereinafter "PRESTIGE") Motion (NYSCEF Doc. Nos. 24-30) seeks an Order pursuant to CPLR 3211(a)(1) and (a)(7), dismissing the Amended Complaint of THE SEA GATE ASSOCIATION (hereinafter "Plaintiff") on the grounds that (1) Plaintiff has waived its ability to claim breach of contract and any alleged negligence or defective work, as Plaintiff terminated the Agreement between Plaintiff and PRESTIGE for convenience, and (2) Plaintiff cannot allege unjust enrichment as the parties' relationship is governed by a valid and enforceable contract.

Plaintiff opposed the Motion (NYSCEF Doc. Nos. 34-41) respectfully requesting that this Court deny PRESTIGE's Motion in its entirety on the grounds that (1) Plaintiff did not terminate the contract for convenience and, therefore, can assert causes of action for breach of contract and

1

negligence and (2) Plaintiff's unjust enrichment cause of action is adequately pled and not duplicative of its breach of contract cause of action.

PRESTIGE filed a Reply Affirmation in Further Support of the Motion (NYSCEF Doc. Nos. 42-43).

Upon a reading of the foregoing papers, and all other papers and proceedings in this action, and after oral argument, PRESTIGE's Motion (Seq. 001) is decided as follows:

## STATEMENT OF FACTS

This action arises out of an agreement between Plaintiff and PRESTIGE, dated on or about April 29, 2020, known and described as Sea Gate Combined Sewer System Repair Project No. PW 04600 (the "Agreement"), following damage incurred by Plaintiff as a result of Hurricane Sandy. PRESTIGE agreed to provide services relating to a construction project wherein PRESTIGE acted as Contractor to Plaintiff, performing Superstorm Sandy remediation work (the "Project").

On March 10, 2021, Plaintiff sent PRESTIGE a letter, suspending the Project (the "Suspension Letter") due to Plaintiff's inability to secure funding from the Federal Emergency Management Agency ("FEMA"). The Suspension Letter stated in pertinent part: "We are writing this letter to inform you that we will be suspending the current Sewer Project at the corner of Atlantic and 42nd Street, due to financial constraints on the Association ... we will be working towards restarting this work when we have rectified the financial issues." However, the Project never restarted.

Pursuant to the express terms of Agreement, "If [Sea Gate] fails to appropriate sufficient monies to provide for payments under this Agreement, the Agreement shall terminate on the last day of the last fiscal year for which funds were appropriated." While it is unclear when the fiscal

year ended, the Suspension, occurring more than three and a half years ago, was converted into a termination for convenience by Plaintiff.

## ANALYSIS

It is well settled that on a motion to dismiss pursuant to CPLR § 3211(a)(7) for failure to state a claim, the movant must establish that it is entitled to dismissal as a matter of law in order to prevail. The Court must accept the facts alleged in the verified complaint as true. The Court tests the four corners of the complaint, and the Court must grant the motion if the movant demonstrates that no relief can be granted under any set of facts consistent with plaintiff's allegations. *See, Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 326-27 (2002); *Leon v. Martinez*, 84 N.Y.2d 83, 614 N.Y.S.2d 972 (1994). However, a Court will not presume as true bare legal conclusions and unsupported factual claims. *See, Stoller v. Factor*, 272 A.D.2d 83, 714 N.Y.S.2d 667 (1st Dept 2000) (although the court on a motion to dismiss for failure to state a cause of action must accept all pleaded facts as true, plaintiffs bare and conclusory allegations were insufficient to state a cause of action.); *See also, Sokol v. Leader*, 74 A.D.3d 1180, 904 N.Y.S.2d 153 (2d Dept 2010) (dismissal under 3211 (a)(7) must be granted if it has been shown that a material fact, as claimed by the pleader, is not a fact at all and if it can be said that no significant dispute exists regarding it). Further, dismissal is warranted under CPLR § 3211(a)(7) if the complaint does not "give[] sufficient notice of the transactions, occurrences, or series of transactions or occurrences intended to be proved," and "the requisite elements of any cause of action known to our law [cannot] be discerned from its averments." *JP Morgan Chase v. J.H. Elec. of N.Y., Inc.*, 893 N.Y.S.2d 237, 239 (2d Dept 2010) (quoting *Moore v. Johnson*, 147 A.D.2d 621, 538 N.Y.S.2d 28 (2d Dept 1989)).

3

Pursuant to CPLR §3211(a)(1), a cause of action may be dismissed based on a defense founded upon documentary evidence. A motion to dismiss a complaint based upon documentary evidence may be properly granted "where the documentary evidence submitted resolves all factual issues as a matter of law and definitively disposes of the plaintiff's claim." *Wallach v. Hinckley*, 12 A.D.3d 893, 785 N.Y.S.2d 147 (3d Dept 2004); *Bronxville Knolls, Inc. v. Webster Town Ctr. Partnership*, 221 A.D.2d 248, 634 N.Y.S. 2d 62 (1st Dept 1995). Where, as here, Plaintiff's factual allegations are contradicted by documentary evidence, they are not presumed to be true or accorded any favorable inference. *Ark Bryant Park Corp. v. Bryant Park Restoration Corp.*, 285 A.D.2d 143, 150, 730 N.Y.S.2d 48, 54 (1st Dept 2001). As stated by the Court of Appeals, "[w]hen evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one..." *Guggenheimer v. Ginzburg*, 43 N.Y.2d 268, 275, 401 N.Y.S.2d 182, 185 (1977).

Here, PRESTIGE has established its entitlement to dismissal under both CPLR 3211(a)(1) and (a)(7). Plaintiff terminated the Agreement due to its inability to pay for the continuation of the Project, as set forth in the Suspension Letter. Courts have held that upon the exercise of a termination for convenience, the Owner waives its right to claims for the Contractor's alleged breach(es) of contract or negligence. *Tishman Const. Corp., Inc. v. City of New York*, 228 A.D.2d 292, 293 (1st Dept 1996) ("Where the City elects to terminate for convenience, as provided in section 15, whether with or without cause, it cannot counterclaim for the cost of curing any alleged default"); *See also, Turner Const. Co. v. Hudson River Park Trust*, No. 650875/13, 2014 WL 7053919 (N.Y. Sup Ct, New York County Dec. 04, 2014) ("In New York, the rule of law is that where an owner exercises a contractual termination for convenience provision, it is barred from suing for damages for breach of contract").

[*4]

Further, this Court has already determined that the Agreement at issue was terminated for convenience. In a companion action before this Court, *Prestige Plumbing & Heating Inc., v. Sea Gate Association*, bearing Kings County Index No. 530612/2022 (the "Prestige Action"), Sea Gate moved this Court to amend its Answer to assert virtually identical claims of breach of contract. In the Prestige Action, PRESTIGE opposed the motion to amend on the grounds that Sea Gate, by terminating the contract for convenience, waived its claims. Indeed, this Court denied Sea Gate's motion on December 11, 2024, holding in its Order "[Sea Gate's] motion to Amend its Answer is denied in its entirety based on Defendant waiving its claims due to terminating for convenience." *See* NYSCEF Doc. No. 43.

Accordingly, because Plaintiff terminated the Agreement for convenience, it cannot now claim for damages against PRESTIGE. *400 15th Street, LLC v. Promo-Pro, Ltd.*, No. 20651/06, 960 N.Y.S.2d 341, 28 Misc. 3d 1233(A), 2010 N.Y. Slip Op. 51580(U), 2010 WL 3529466, at 6 (Sup Ct, Sept. 10, 2010) ("Where a contract is terminated for convenience, the owner, and not the surety, is responsible for the costs associated with completion of performance, and the owner cannot recover for the cost of curing any alleged default.") Therefore, Plaintiff's second cause of action (breach of contract) and fifth cause of action (negligence) are hereby dismissed.

Additionally, Plaintiff's third cause of action (unjust enrichment) is hereby dismissed. It has long been held that the existence of a valid and enforceable agreement concerning the subject matter at issue precludes recovery in both breach of contract and unjust enrichment, and that the unjust enrichment claim is duplicative of the breach of contract claim. *See Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 516 N.E.2d 190 (1987) ("The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter [citation omitted]. A 'quasi

[*5]

contract' only applies in the absence of an express agreement…"); *See also, Brooklyn Navy Yard Cogeneration Partners, L.P. v. PMNC*, 277 A.D.2d 271, 272, 716 N.Y.S.2d 64, 65 (2d Dept 2000) (holding that a party may not alternatively recover under a theory of quantum meruit where there is an existing contract between the parties covering the dispute in issue); *Tako Holdings, Inc. v. Tillman*, 272 A.D.2d 394, 396, 707 N.Y.S.2d 658, 660 (2d Dept 2000) ("Where, as here, there is an existing contract between the parties covering the dispute in issue there can be no recovery in quantum meruit").

**ORDERED** that PRESTIGE's Motion to Dismiss (Seq. 001) is hereby **GRANTED** in all respects, and the Amended Complaint is hereby dismissed as against PRESTIGE.

This constitutes the Decision and Order of the Court.

Dated: July 14th, 2025

ENTER:

HON. CAROLYN E. WADE, J.S.C

Hon. Carolyn E. Wade
Supreme Court Justice

6